924 A.2d 1203

**PENNSYLVANIA STATE LODGE, Fraternal Order of Police, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES, Michael DiBerardinis, Secretary of the Department of Conservation and Natural Resources, Rita Calvan, Deputy Secretary of the Department of Conservation and Natural Resources, Roger Fickes, Director, Bureau of State Parks of the Department of Conservation and Natural Resources, Appellees.**

Supreme Court of Pennsylvania.

June 26, 2007.

## ORDER

PER CURIAM.

The Order of the Commonwealth Court is hereby AFFIRMED.

Justice SAYLOR files a Dissenting Statement.

Justice SAYLOR, dissenting.

In this direct appeal, the Pennsylvania State Lodge, Fraternal Order of Police ("State Lodge") challenges the dismissal of its declaratory judgment and mandamus action asserting that the Department of Conservation and Natural Resources ("DCNR") is in violation of statutes establishing a minimal level of training for certain police officers. *See* 53 Pa.C.S. §§ 2161–2171. In particular, the State Lodge averred that DCNR's failure to secure adequate training for rangers at Pennsylvania state park lands, who have, *inter alia,* the powers of police officers of cities of the first class, violated its statutory obligation to provide police protection for Commonwealth parks and forest lands.

The Commonwealth Court sustained Respondents' preliminary objections, based on an asserted lack of standing. In its amended petition, however, the State Lodge averred

Petitioner, Pennsylvania State Lodge, Fraternal order of Police, is a fraternal organization, representing the interests of over 30,000, professional, sworn, police officers. Petitioner's members are citizens and taxpayers of the Commonwealth of Pennsylvania, who have a specific statutory right to safely access and safely enjoy the State parklands and forests of the Commonwealth of Pennsylvania.

Petitioner's members are subject to the provisions of the Pennsylvania Municipal Police Jurisdiction Act ("MPJA"), Act of June 15, 1982, P.L. 512, No. 141, 42 Pa.C.S.A. § 8951, *et seq.,* where they are granted jurisdiction outside of their primary jurisdiction only under certain circumstances.

Petitioner's members are required to work along side persons employed by the Respondents to preserve order in the

State parks and Forest lands and said persons are not trained law enforcement personnel.

Petitioner's members who are police officers of local municipalities are required to protect and police State parks and forest lands.

\* \* \*

Petitioner represents police officers whose primary jurisdiction is adjacent to the State parks and forest lands.

Petitioner through its members has become aware of the Department's policy changes that have negatively impacted the safety and security of the State parks and forest lands and Petitioner's members.

Amended Petition for Review in the Nature of a Complaint in Mandamus and for Declaratory Relief ¶¶ 2, 3, 4, 5, 18, 19. I believe that these allegations provide support for the representational standing on the part of the State Lodge, see generally American Booksellers Ass'n, Inc. v. Rendell, 332 Pa.Super. 537, 554 & n. 10, 481 A.2d 919, 927 & n. 10 (1984) (discussing the requirements of representational standing and observing that this Court has implicitly approved the concept), that is at least sufficient to withstand preliminary objections that assume the validity of the averments. See Hospital & Healthsystem Ass'n of Pa. v. DPW, 585 Pa. 106, 116 n. 12, 888 A.2d 601, 607 n. 12 (2005) ("In ruling on whether preliminary objections were properly sustained, an appellate court must determine whether it is clear and free from doubt from all the facts pleaded that the pleader will be unable to prove facts legally sufficient to establish a right to relief." (citation omitted)).[1]

On the merits, I note that this Court has previously interpreted statutory provisions governing the training of police officers that are analogous to those in issue here as extending

---

1. I recognize that, in prior cases, I have favored a broader approach to standing to seek declaratory relief than that of a majority of Justices. See Pittsburgh Palisades Park, L.L.C. v. Commonwealth, 585 Pa. 196, 209–11, 888 A.2d 655, 663–65 (2005) (Saylor, J., dissenting). The circumstances involved here appear to me to be sufficiently distinct, however, such that those decisions are not directly controlling here.

to officials who were not technically subject to their terms but nevertheless were cloaked with authority on a par with the police officers that the statute directly covered. *See Commonwealth v. Leet,* 537 Pa. 89, 96–97, 641 A.2d 299, 303 (1994) (holding that sheriffs and deputy sheriffs enforcing motor vehicle laws were required to meet the training requirements of the former Municipal Police Officers' Education and Training Act, 53 P.S. §§ 741–749.1 (repealed)). Accordingly, I also believe that a demurrer was not appropriate on the merits relative to the declaratory judgment count of the complaint. *See generally Stair v. Turtzo, Spry, Sbrocchi, Faul & Labarre,* 564 Pa. 305, 309, 768 A.2d 299, 301 (2001) ("[P]reliminary objections in the nature of a demurrer may be sustained only in cases in which it is clear and free from doubt that the facts pleaded by the plaintiff are legally insufficient to establish a right to relief.").