Robert M. McCORD, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania, Plaintiff

v.

PENNSYLVANIANS FOR UNION REFORM, and Simon Campbell, President, Defendants.

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2014.

Decided Sept. 24, 2014.

Christopher B. Craig, Chief Counsel, Harrisburg, for plaintiff.

Craig J. Staudenmaier, Harrisburg, for defendants.

John R. Bielski, Philadelphia, for intervenors.

BEFORE: RENÉE COHN JUBELIRER, Judge, and P. KEVIN BROBSON, Judge, and ANNE E. COVEY, Judge.

OPINION BY Judge COVEY.

Pennsylvanians for Union Reform (PFUR) and its president Simon Campbell (Campbell) (collectively, PFUR) filed preliminary objections in the nature of a demurrer to the Amended Complaint filed by Robert M. McCord, in his official capacity as the Treasurer of the Commonwealth of Pennsylvania (State Treasurer), seeking injunctive and declaratory relief. The issue for this Court's review is whether the Amended Complaint states claims upon which relief may be granted with respect to PFUR, and relative to Campbell in his capacity as PFUR's president. Upon review, PFUR's preliminary objections are overruled in part and sustained in part.

PFUR is a non-profit corporation, the purpose of which *inter alia* is to promote legislation relating to compulsory union membership and its impact on government spending. On January 15, 2014, the State Treasurer received a letter from PFUR's counsel requesting production of the executive branch employee list compiled and submitted to Pennsylvania's Treasury Department (Department) pursuant to Section 614 of The Administrative Code of 1929 (Administrative Code)[1] (List). By

---

**1.** Act of April 9, 1929, P.L. 177, *as amended,* added by Section 3 of the Act of September 27, 1978, P.L. 775, 71 P.S. § 234.

January 22, 2014 letter, the State Treasurer replied that it would consider PFUR's request under the Right–to–Know Law (RTKL)[2] and respond within 30 days.[3] On January 27, 2014, PFUR informed the State Treasurer that it intended to proceed with a mandamus action to enforce the Administrative Code if the State Treasurer did not comply with its request.

The State Treasurer commenced this action on February 24, 2014 by filing a petition for review in the nature of a complaint seeking declaratory and injunctive relief concerning the application of the RTKL and the personal safety and identification exemptions contained therein to PFUR's request for the List. On March 11, 2014, with leave of Court, the State Treasurer filed an Amended Complaint. On March 28, 2014, PFUR filed preliminary objections in the nature of a demurrer to the Amended Complaint. On May 14, 2014, this Court granted an application to intervene filed by the American Federation of State, County and Municipal Employees, Council 13, AFL–CIO; the Federation of State, Cultural and Educational Professionals, Local 2382 American Federation of Teachers of Pennsylvania, AFL–CIO; and the United Food and Commercial Workers, Local 1776, AFL–CIO (collectively, Unions).[4]

On June 23, 2014, the State Treasurer opposed PFUR's preliminary objections, and the Commonwealth of Pennsylvania, Office of Administration (Administration) filed an *amicus curiae* brief in opposition to PFUR's preliminary objections.[5] On

---

2. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

3. In the Amended Complaint, the State Treasurer describes that the List is transmitted from the Commonwealth of Pennsylvania, Office of Administration to the Department in two electronic text files. Amended Complaint at ¶ 17. The "primary list" identifies the executive branch employees (including employees under the Governor's jurisdiction, the State Police and the Office of Attorney General), without reference to birthdays and months and residential addresses. Amended Complaint at ¶¶ 17, 19–20. The "restricted list" contains information for employees whose positions are investigatory in nature, including the Department of Corrections, the Department of Public Welfare and the Board of Probation and Parole, and contains only last names, salaries, positions, agency names and dates of service. Amended Complaint at ¶¶ 17–19, 21. The State Treasurer further avers in the Amended Complaint that the List does not include all of the information identified in Section 614 of the Administrative Code, and that neither version has been redacted to exclude information for those employees who have active protection from abuse orders, are victims of domestic or sexual violence, or are confidential/undercover agents or other at-risk law enforcement officials. Amended Complaint at ¶¶ 19, 22.

4. This Court held that since the List includes information relative to approximately 80,000 employees, only 300 of whom are employed with the Department, the State Treasurer does not adequately represent the Unions in this case, and the Unions are better situated to represent their members' individual interests.

5. On July 25, 2014, PFUR filed an application to strike Administration's *amicus curiae* brief because Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 531 authorizes *amicus* participation only by parties of interest. PFUR maintained that since this action is an original jurisdiction matter and there is no basis in civil procedure for a non-party entity to file an *amicus curiae* brief, Administration may not participate in this litigation. On that same date, PFUR filed an application to strike specific portions of the State Treasurer's brief and certain exhibits appended to the State Treasurer's brief in opposition to PFUR's preliminary objections. PFUR argued that because its demurrer is based in law and is limited to the allegations pled in the Amended Complaint, the Court was precluded from considering facts not originally averred. The State Treasurer opposed both of PFUR's ap-

June 26, 2014, the Unions also filed a brief in opposition to PFUR's preliminary objections adopting the State Treasurer's arguments.[6] Oral argument on PFUR's preliminary objections was held before this Court on September 11, 2014.

### First Preliminary Objection— Demurrer as to PFUR

 PFUR argues in its first preliminary objection that the Amended Complaint fails to state a claim upon which relief may be granted with respect to PFUR. This Court's review of preliminary objections is limited to the pleadings. *Pennsylvania State Lodge, Fraternal Order of Police v. Dep't of Conservation & Natural Res.*, 909 A.2d 413 (Pa.Cmwlth. 2006), *aff'd*, 592 Pa. 304, 924 A.2d 1203 (2007).

> [This Court is] required to accept as true the well-pled averments set forth in the ... complaint, and all inferences reasonably deducible therefrom. Moreover, the [C]ourt need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and, where any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections.

*Id.* at 415–16 (citations omitted).

> [N]o testimony or other evidence outside the complaint may be considered to dis-

pose of the legal issues presented by a demurrer. *Cardella v. Public Sch[.] Emp[s.] Retirement [Bd.]*, 827 A.2d 1277, 1282 (Pa.Cmwlth.2003) (citations omitted) (emphasis added). Respondents' factual assertions outside the allegations of the complaint may not be considered in regard to the demurrer.

*Smith v. Pennsylvania Emps. Benefit Trust Fund*, 894 A.2d 874, 879 (Pa. Cmwlth.2006) (quotation marks omitted).

The Amended Complaint makes clear that the State Treasurer is seeking declaratory and injunctive relief "in response to the written threat by [PFUR] to initiate a mandamus action against the State Treasurer if [he does] not produce an unredacted copy of the [List] pursuant to the Administrative Code (71 P.S. § 234) as previously demanded." Amended Complaint at 3. The State Treasurer expressed in the Amended Complaint that "[d]espite [PFUR]'s threat, [he] is unwilling to take any action that would place the personal or physical security of public employees at risk or publicize confidential information." Amended Complaint at 3.

### A. Declaratory Relief Claim

 Section 7532 of the Declaratory Judgments Act, provides: "Courts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." 42

---

plications to strike and Administration opposed PFUR's application to strike its brief. On August 20, 2014, this Court denied PFUR's application to strike the Administration's brief, and granted PFUR's application to strike certain exhibits appended to the State Treasurer's brief and the portions of the State Treasurer's brief referring thereto.

**6.** On July 25, 2014, PFUR filed an application to strike specific portions of the Unions' brief

and the exhibits appended to the Unions' brief in opposition to PFUR's preliminary objections on the same basis discussed *supra* in note 5. The Unions opposed PFUR's application. The State Treasurer also opposed PFUR's application to strike portions of the Unions' brief. On August 20, 2014, this Court granted PFUR's applications to strike the exhibits appended to the Unions' brief and the portions of the Unions' brief referring thereto.

Pa.C.S. § 7532. "A declaratory judgment is an appropriate remedy where a case presents antagonistic claims, indicating imminent and inevitable litigation." *Independence Blue Cross v. Pennsylvania Ins. Dep't,* 802 A.2d 715, 719 (Pa.Cmwlth.2002) (quoting *Am. Council of Life Ins. v. Foster,* 134 Pa.Cmwlth. 634, 580 A.2d 448, 451 (1990)). It "is appropriate where such a determination will help resolve a genuine and justiciable controversy." *Mazin v. Bureau of Prof'l and Occupational Affairs,* 950 A.2d 382, 390 (Pa.Cmwlth.2008).

The Amended Complaint in this case clearly reflects that in PFUR's January 27, 2014 letter, PFUR took the position that since its demand for the List was made pursuant to Section 614 of the Administrative Code, the RTKL's provisions do not apply, and "if any information is redacted from the record provided other than the voting residences, [PFUR would] proceed with a mandamus action to enforce the provisions of the Administrative Code...." Amended Complaint at ¶¶ 28–29; *see also* Ex. 4. The Amended Complaint also sets forth the State Treasurer's position that the List "contains information that ... is exempt from public disclosure under the [Pennsylvania Web Accountability and Transparency Act (PennWATCH Act) [7]] and the [RTKL,]" and, therefore, should be produced pursuant to the Administrative Code or withheld in accordance with the RTKL. Amended Complaint at 3; *see also* ¶ 45. Thus, the fundamental issue presented by the Amended Complaint is whether the List is subject to redaction in accordance with the RTKL.

Section 614(a) of the Administrative Code mandates all Commonwealth administrative departments, boards, commissions and the Attorney General to transmit to the Auditor General, Secretary of the Budget and the State Treasurer by July 15th of each year a complete list

> of the **names** of all persons ... entitled to receive compensation from the Commonwealth for services rendered.... Such list shall show for each such person the **position occupied,** the **date of birth, county of residence, voting residence,** the **salary** ..., the **date of entry** into the service of the Commonwealth, ... and all **periods of service** and **positions held** as an employe of the Commonwealth....

71 P.S. § 234(a) (emphasis added); Amended Complaint at ¶¶ 5, 9, 11, 16–22, 40. Section 614(c) of the Administrative Code specifies that, with the exception of the voting residence, the information submitted to the State Treasurer "shall be public information," but is silent as to the manner in which the List shall be produced. 71 P.S. § 234(c); Amended Complaint at ¶¶ 9, 47.

In the Amended Complaint, the State Treasurer maintains that Section 614 of the Administrative Code and the RTKL "collectively relate to the same thing—the creation, transmission, use and public [distribution] of a comprehensive list of Commonwealth employees, their salary, position or title or service history." Amended Complaint at ¶ 8. Citing Section 301 of the RTKL,[8] the State Treasurer avers that the RTKL is a law of general application that governs access to all public information from Commonwealth agencies. Amended Complaint at ¶¶ 12, 39, 41, 45, 47. The State Treasurer further asserts that public information requests must be considered

---

7. Act of June 30, 2011, P.L. 81, 72 P.S. §§ 4664.1–4664.6.

8. Section 301(a) of the RTKL mandates: "A Commonwealth agency shall provide public records in accordance with [the RTKL]." 65 P.S. § 67.301(a).

in relation to the RTKL's statutory exclusions, some of which exempt personal identification and financial information, victim information or other information that may endanger a person's safety and security or hinder an agency's enforcement powers. Amended Complaint at ¶¶ 48–49; *see also* Sections 708(b)(1)(ii), (b)(6), (b)(16)(vi) and (b)(17)(vi) of the RTKL, 65 P.S. § 67.708(b)(1)(ii) (physical harm or personal security risk), (b)(6) (personal identification information), (b)(16)(vi) (agency criminal investigation record), (b)(17)(vi) (agency investigation records). The State Treasurer alleges that because the List "almost certainly contains" information exempt from public access—such as the identities of law enforcement officers, crime victims and persons with protection from abuse orders, and the birth dates of public employees— such information must be redacted from the List. Amended Complaint at ¶¶ 50–55.

The State Treasurer also avers in the Amended Complaint that, in accordance with the PennWATCH Act [9] (directing Internet website publication of Commonwealth employee name, position/title, agency, salary and total compensation paid), the RTKL's exemptions are applicable to records identified as public in Section 614 of the Administrative Code. Amended Complaint at ¶¶ 14–15, 57–58. The State Treasurer specifically maintains that because Section 3(g)(2) of the PennWATCH Act prohibits disclosure of and mandates redaction of employee information exempt from disclosure under the RTKL, the List made public by Section 614 of the Administrative Code must be similarly redacted. Amended Complaint at ¶¶ 59–60, 62; 72 P.S. § 4664.3(g)(2).

Based upon the foregoing, the State Treasurer alleges in the Amended Complaint:

[PFUR]'s threat of litigation places the State Treasurer, as a public official, in an untenable position—either he complies with the demand and places information into the public domain that he believes is confidential and exempt from public disclosure under the PennWATCH Act and the [RTKL]; or the State Treasurer provides an employee list in which confidential information has been redacted and therefore subjects the [Department] to litigation. Either way, the question as to application of the [RTKL] to requests for records identified as public information under the Administrative Code is an issue destined for this Court's resolution.

Amended Complaint at 4; *see also* Amended Complaint at ¶¶ 30–31, 33. Accordingly, the State Treasurer seeks a declaration from this Court that:

- All requests for the production of records[ ] identified as 'public' pursuant to the Administrative Code[ ] are governed by the [RTKL]; and
- The [RTKL]'s exceptions for public records are applicable to all requests for public records; including records identified as 'public' pursuant to the Administrative Code; and
- Pursuant to the PennWATCH Act, the [RTKL]'s exceptions for publicizing records are applicable to requests for public records identified under the Administrative Code.

Amended Complaint at 2; *see also* Amended Complaint at 22.

The Statutory Construction Act of 1972 (Statutory Construction Act) [10] requires

---

9. Section 3(g) of the PennWATCH Act states: "[T]he following shall not be included on the website ... [r]ecords not subject to disclosure under the [RTKL]." 72 P.S. § 4664.3(g).

10. 1 Pa.C.S. §§ 1501–1991.

that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S. § 1921(a). In ascertaining the General Assembly's intent in the enactment of a statute, it is presumed that "the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1).

When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

(1) The occasion and necessity for the statute.

(2) The circumstances under which it was enacted.

(3) The mischief to be remedied.

(4) The object to be attained.

(5) The former law, if any, including other statutes upon the same or similar subjects.

(6) The consequences of a particular interpretation.

(7) The contemporaneous legislative history.

(8) Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921(c).

Section 1932(b) of the Statutory Construction Act provides: "Statutes in pari materia shall be construed together, if possible, as one statute."[11] 1 Pa.C.S. § 1932(b). However,

[w]henever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions

shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

1 Pa.C.S. § 1933. Moreover, "[w]henever the provisions of two or more statutes enacted finally by different General Assemblies are irreconcilable, the statute latest in date of final enactment shall prevail." 1 Pa.C.S. § 1936.

Section 614 of the Administrative Code was enacted in 2002. The RTKL was enacted in 2008. The PennWATCH Act, which is specifically subjected to the RTKL, was enacted in 2011. Whether to avoid an absurd result or in an attempt to reconcile facially irreconcilable statutes, the RTKL is the later-enacted and more specific statute, and thus **may** prevail.

First, to interpret Section 614 of the Administrative Code to require the State Treasurer to disseminate information otherwise exempt from disclosure under the RTKL, and which expressly governs PennWATCH's employee information disclosure, is presumably not the outcome the General Assembly intended since the result seems unreasonable. For example, pursuant to Section 614 of the Administrative Code, PFUR is seeking employee dates of birth without limitation by the RTKL. In *Governor's Office of Administration v. Purcell*, 35 A.3d 811 (Pa.Cmwlth. 2011), this Court held that the personal security exception to the RTKL exempts employee months and dates of birth from disclosure. According to the State Treasurer, the List denotes only employee birth years. Fulfilling PFUR's request outside the RTKL and supplying birth days, months and years **could** lead to an absurd result.

11. "Statutes ... are in pari materia when they relate to the same persons or things or to the same class of persons or things." 1 Pa. C.S. § 1932(a).

Second, Section 306 of the RTKL states: "Nothing in [the RTKL] shall supersede or modify the public or nonpublic **nature** of a record or document established in ... [s]tate law, regulation or judicial order or decree." 65 P.S. § 67.306 (emphasis added). Section 3101.1 of the RTKL also provides that "[i]f the provisions of [the RTKL] regarding **access** to records conflict with any other ... [s]tate law, the provisions of [the RTKL] shall not apply." 65 P.S. § 67.3101.1 (emphasis added). This Court recently examined the distinction between the *public nature* of records referred to in Section 306 of the RTKL, and the *public access* to records described in Section 3101.1 of the RTKL while examining the interplay between the RTKL and other state and federal laws. *See Dep't of Labor & Indus. v. Heltzel*, 90 A.3d 823 (Pa.Cmwlth.2014) (relating to the federal Emergency Planning and Community Right–to–Know Act [12]); *Dep't of Pub. Welfare v. Eiseman*, 85 A.3d 1117 (Pa.Cmwlth. 2014) (relating to the Pennsylvania Uniform Trade Secrets Act [13]). In regard to the public nature of information, the *Heltzel* Court held:

> Section 306 of the RTKL provides that [state] law operates to supersede contrary provisions when that law establishes public nature. 'Establish' means 'to institute (as a law) permanently by enactment or agreement.' MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 427 (11th ed. 2003). By its plain meaning, the 'nature' of a document implicates the innate or intrinsic characteristics of a record, its essence, without regard to surrounding circumstances. 1 Pa.C.S. § 1903.
>
> Once 'established' by statute as 'public,' a record is no longer subjected to the traditional public record analysis under

the RTKL. Given this significant consequence, a statute should be clear when it establishes the public nature of records. *Heltzel*, 90 A.3d at 831–32. Because Section 614(c) of the Administrative Code clearly states that, with the exception of voting residence, the information contained on the List "shall be public information," the public *nature* of the information appears to have been "established," and the RTKL **may** be inapplicable on that point.

The same cannot necessarily be said about the public's *access* to the List information. "Conflicts as to public access ... are governed by Section 3101.1 of the RTKL." *Heltzel*, 90 A.3d at 832. Thus, **if** it were to be determined that the RTKL's access provisions conflicted with Section 614 of the Administrative Code, the RTKL would not apply. However, as the State Treasurer pointed out in his Amended Complaint, "the Administrative Code ... is silent as to the manner in which public information is obtained...." Amended Complaint at ¶ 47. Further, Section 701(a) of the RTKL provides in pertinent part: "Unless otherwise provided by law, a public record ... shall be accessible ... in accordance with [the RTKL]." 65 P.S. § 67.701(a). Arguably, since Section 614 of the Administrative Code does not address public access to the List, it **may** be found not to conflict with the RTKL's access provisions and, therefore, the RTKL's access provisions, including its statutory exemptions, **could** apply.

Third, concerning the controversial and imminent nature of the claims made by the State Treasurer in the Amended Complaint we note that PFUR has made comparable information requests to other Commonwealth agencies on similar bases. Specifically, in a February 27, 2014 final

---

**12.** 42 U.S.C. §§ 11001–11050.

**13.** 12 Pa.C.S. §§ 5301–5308.

determination appended to the Amended Complaint, Office of Open Records (OOR) analyzed the interplay among Section 614 of the Administrative Code, the RTKL and the PennWATCH Act relative to another PFUR record request (Docket No. AP 2014-0143).[14] Amended Complaint at ¶ 61; *see also* Ex. 5. Therein, OOR did not make the "public nature" versus "public access" distinction and concluded that "while Section 614 of the Administrative Code and the RTKL make[ ] the information requested subject to public disclosure without consideration of the RTKL's exemptions, the PennWATCH Act makes the same information subject to public disclosure *but subject to the exemptions contained in the RTKL.*" Amended Complaint Ex. 5, OOR Final Det. at 5–6. OOR reasoned:

Here, it is not possible to reconcile the Administrative Code and the RTKL with the PennWATCH Act. Specifically, as discussed above, the Administrative Code and RTKL make public the information requested without regard to the exemptions contained in the RTKL. On the other hand, the PennWATCH Act makes the same information public, but expressly provides that records not subject to disclosure under the RTKL are not public records. Therefore, the RTKL renders its provisions inapplicable to information accessible under the Administrative Code, while the PennWATCH Act renders the provisions of the RTKL applicable to information accessible under the PennWATCH Act. The PennWATCH Act was enacted in 2011, *see* Act of 2011–18, P.L. 81, whereas the RTKL was enacted in 2008, *see* Act 2008–3, P.L. 6, and Section 614 of the Administrative Code was last amended in 2002. *See* Act 2002–231,

P.L. 2075. Because the PennWATCH Act was enacted later in time, the PennWATCH Act controls and the RTKL's exemptions apply to information sought under the PennWATCH Act. Therefore, Section 614 of the Administrative Code does not apply to the requested information.

Amended Complaint Ex. 5, OOR Final Det. at 6.

The fact that OOR reached a different determination using a similar statutory analysis illustrates that the State Treasurer presents an actual controversy over which this Court should act. Thus, accepting as true all of the State Treasurer's well-pled material allegations, and drawing all inferences in his favor as we must, we cannot say that the law will not permit this Court to declare that the List is subject to redaction in accordance with the RTKL. Accordingly, we hold that the Amended Complaint in this case presents an actual controversy leading to imminent and inevitable litigation about which this Court may declare rights, status and legal relations and, therefore, states a cause of action in declaratory judgment.

### B. Injunctive Relief Claim

■ The State Treasurer also seeks an order from this Court "enjoining [PFUR] and its officers, agents and employees, from taking any action to prevent, prohibit, threaten, discourage or otherwise impede the State Treasurer from responding to any request for dissemination of a public record in accordance with the provisions of the [RTKL], including, without limitation, any applicable exemptions thereunder." Amended Complaint at 22. This Court has held that "[t]he party seeking

14. In that case, PFUR sought disclosure by Administration of "information on Commonwealth employees whose full names were not available on the PennWATCH website." Amended Complaint Ex. 5, OOR Final Det. at 1.

the injunction must establish that (1) the right to relief is clear, (2) there is an urgent necessity to avoid an injury which cannot be compensated for by damages, and (3) greater injury will result in refusing rather than granting the relief requested." *Big Bass Lake Cmty. Ass'n v. Warren*, 23 A.3d 619, 626 (Pa.Cmwlth.2011). Each of the above requirements must be satisfied before an injunction will be ordered. *Id.*

In our above declaratory judgment claim ruling we held that the State Treasurer's Amended Complaint stated a cause of action for a right to relief. Therefore, it appears that the State Treasurer will be able to meet the first criteria for an injunction. Accepting the allegations in the Amended Complaint as true, as we must, the averments of the potential risk to the safety and security of employees whose information is included on the List **could** satisfy the requirements that disclosure of an unredacted List pending this Court's determination of the merits could foreseeably result in injury which cannot be compensated for by damages, and which injury would be greater than if the injunction would be denied. Thus, the law **may** permit this Court to enjoin PFUR, its officers, agents and employees from impeding the State Treasurer's response to PFUR's request for the List. Accordingly, PFUR's first preliminary objection is overruled.

### Second Preliminary Objection— Demurrer as to Campbell

█ PFUR also argues that the Amended Complaint fails to state a claim upon which relief may be granted against Campbell in his capacity as PFUR's president because "the request for public information and the statement of in-

tention to pursue relief in mandamus, were done by [PFUR] solely, and not by [Campbell] in any capacity." PFUR Prelim. Obj. at ¶ 24. This Court has held: [I]n an action for declaratory judgment, all persons having an interest that would be affected by the declaratory relief sought ordinarily must be made parties to the action. Indeed, Section 7540(a) of the Judicial Code, 42 Pa.C.S. § 7540(a), which is part of Pennsylvania's Declaratory Judgments Act, states that, [w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. While this joinder provision is mandatory, it is subject to limiting principles. For example, where the interest involved is indirect or incidental, joinder may not be required. Additionally, where a person's official designee is already a party, the participation of such designee may alone be sufficient, as the interests of the two are identical, and thus, the participation of both would result in duplicative filings.

*Corman v. Nat'l Collegiate Athletic Ass'n*, 74 A.3d 1149, 1162–63 (Pa.Cmwlth.2013)(quoting *City of Phila. v. Commonwealth*, 575 Pa. 542, 838 A.2d 566, 581–82 (2003)).

Here, the Amended Complaint states with respect to Campbell only that he "is identified as the President of PFUR.... No other director or officer associated with PFUR is identified." Amended Complaint at ¶ 7. The Amended Complaint contains no specific claim that implicates Campbell either individually or as PFUR's president.[15] Rather, it reflects that the

---

**15.** Because there is no evidence that the State Treasurer named Campbell in the Amended Complaint "without legal justification solely for the purposes of harassment and vexation," we decline to make such a finding. PFUR

List request and the statement of intention to file a mandamus action were made by PFUR's counsel on PFUR's behalf. *See* Amended Complaint Exs. 2, 4. Because PFUR is a named party and Campbell is only listed in the Amended Complaint as PFUR's President with no allegation of liability, it was not necessary to include Campbell as a party since his rights would not be affected by the declaration. Finally, if this Court were to grant the State Treasurer an injunction, the State Treasurer has expressly requested an order to stay action by "[PFUR] and its officers, agents and employees" which would include Campbell. Amended Complaint at 22. Accordingly, we hold that the State Treasurer fails to state a cause of action against Campbell upon which relief may be granted.

### *Conclusion*

Based on the foregoing, PFUR's preliminary objection that the Amended Complaint fails to state a cause of action against PFUR is overruled and PFUR's second preliminary objection that the Amended Complaint fails to state a cause of action against Campbell is sustained.

### *ORDER*

AND NOW, this 24th day of September, 2014, Pennsylvanians for Union Reform (PFUR) and its president Simon Campbell's (Campbell) first preliminary objection to State Treasurer Robert M. McCord's (State Treasurer) Amended Complaint is overruled because the State Treasurer states a cause of action against PFUR. Accordingly, PFUR is directed to file an answer to the State Treasurer's Amended Complaint within 20 days of this Court's Order. PFUR and Campbell's second preliminary objection is sustained because the State Treasurer's Amended

Prelim. Obj. at ¶ 27. Thus, Campbell is not

Complaint fails to state a cause of action against Campbell.

entitled to counsel fees or costs.