**Presto v. Minella Pool Service Co. South**

C.P. of Northampton County, No. C-48-CV-2014-371

BELTRAMI, *J.*, Feb. 5, 2015—This matter is before

the court on "named defendant's preliminary objections to plaintiff's complaint," which were filed on September 18, 2014. On November 7, 2014, plaintiff filed a response to the preliminary objections. Briefs have been filed, and the case was submitted to the court at the November 10, 2014, session of argument court.

On January 16, 2014, plaintiff filed a complaint that alleges the following facts. On May 25, 2011, Plaintiff and defendant entered into a contract for defendant to install an in-ground swimming pool at plaintiff's home for the sum of $34,733.00.[1] (Compl. ¶¶1, 3-4.) Defendant failed to properly compact the soil below the pool during construction. (*Id.* ¶ 6.) The improper soil compaction caused the pool to sink following construction, damaging the pool and surrounding concrete decking. (*Id.* ¶¶ 7-8.) Plaintiff claims that he has incurred damages in the amount of $16,220.82 as a result. (*Id.* ¶ 11.) Plaintiff contends that defendant falsely and/or negligently misrepresented, *inter alia*, that he was an experienced and skilled pool builder, which induced plaintiff to enter into the contract with defendant. (*Id.* ¶¶ 19-27.)

In Count I of his complaint, plaintiff alleges breach of contract. In Count II, plaintiff seeks damages for

---

1. The complaint states that a copy of the contract is attached thereto as Exhibit "A." (Compl. ¶ 3.) However, no exhibit is attached to plaintiff's complaint. A copy of the parties' contract is attached to defendant's preliminary objections as Exhibit "A." (Prelim. Objections ¶ 1; Resp. ¶ 1.)

intentional misrepresentation. Count III of the complaint claims negligent misrepresentation. In Count IV, plaintiff alleges breach of warranty. Count VI contains a claim for negligence.[2] Finally, Count VII seeks damages pursuant to the Unfair Trade Practice and Consumer Protection Law ("UTPCPL").[3]

Defendant raises seven issues in its preliminary objections. First, defendant objects to plaintiff's request for attorney's fees in Count I, which contains his breach of contract claim. Any party may file preliminary objections alleging "inclusion of ...impertinent matter." Pa.R.C.P. No. 1028(a)(2). To be impertinent, "the allegations must be immaterial and inappropriate to the proof of the cause of action." *Common Cause/Pa. v. Commonwealth*, 710 A.2d 108, 115 (Pa. Commw. 1998). A party includes impertinent matter in a pleading by making an inappropriate request for damages. *Hudock v. Donegal Mut. Ins. Co.*, 264 A.2d 668, 671 n.2 (Pa. 1970).

"The general rule is that the parties to litigation are responsible for their own counsel fees and costs unless otherwise provided by statutory authority, agreement of parties, or some other recognized exception." *Cresci*

---

2. Although identified as Count VI in the complaint, this appears to be a typographical error, as plaintiff's negligence claim is actually the fifth count in the complaint.

3. Although identified as Count VII in the complaint, this appears to be a typographical error, as plaintiff's claim under the UTPCPL is actually the sixth count in the complaint.

*Constr. Servs., Inc. v. Martin*, 64 A.3d 254, 266 (Pa. Super. 2013) (quoting *Cher-Rob, Inc. v. Art Monument Co.*, 594 A.2d 362, 363 (Pa. Super. 1991) (citations omitted)). In this case, plaintiff argues that the contract allows for attorney's fees. While this is true, the contract only allows *Defendant* to recover attorney's fees, not plaintiff, and only in the event "an attorney is required to secure payment" to defendant from plaintiff for the pool construction. (Prelim. Objections, Ex. A at 1.) Thus, defendant's first objection will be sustained, and plaintiff's claim for attorney's fees, contained in Count I, will be stricken as impertinent.

Next, defendant asserts demurrers to plaintiff's claims for intentional misrepresentation, negligent misrepresentation, negligence, and violations of the UTPCPL. Those claims are contained in what are identified as Counts II, III, VI, and VII of the complaint respectively. Any party may file preliminary objections alleging "legal insufficiency of a pleading (demurrer)." Pa.R.C.P. No. 1028(a)(4). To sustain a demurrer, a court must be certain that the law will not permit recovery. *Commw., Pa. Game Comm'n v. Seneca Res. Corp.*, 84 A.3d 1098, 1103 (Pa. Commw. 2014). Any doubt as to whether the demurrer should be sustained must be resolved in favor of overruling it. *McCord v. Pennsylvanians for Union Reform*, 100 A.3d 755, 758 (Pa. Commw. 2014). In ruling on a demurrer, a trial court must accept all material factual averments in a complaint as true, as well as all inferences reasonably

deducible therefrom. *Weiley v. Albert Einstein Med. Ctr.*, 51 A.3d 202, 208 (Pa. Super. 2012). "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007) (quoting *Cardenas v. Schober*, 783 A.2d 317, 321-22 (Pa. Super. 2001)).

In its demurrers, defendant argues that the gist of the action doctrine bars plaintiff from alleging intentional misrepresentation, negligent misrepresentation, negligence, and violations of the UTPCPL because the duties and obligations that are relevant to those causes of action are based upon the written agreement. The gist of the action doctrine was recognized by the Superior Court for the first time in *Bash v. Bell Tel. Co. of Pa.*, 601 A.2d 825 (Pa. Super. 1992). The doctrine is designed to enforce the conceptual distinctions between tort claims and breach of contract claims. *eToll, Inc. v. Elias/Savion Adver., Inc.*, 811 A.2d 10, 14 (Pa. Super. 2002). "As a practical matter, the doctrine precludes plaintiffs from re-casting ordinary breach of contract claims into tort claims." *Id.* The difference between contract claims and tort claims was explained in *Bash* as follows:

[A]lthough they derive from a common origin, distinct

differences between civil actions for tort and contract breach have developed at common law. Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals.... To permit a promisee to sue his promisor in tort for breaches of contract *inter se* would erode the usual rules of contractual recovery and inject confusion into our well-settled forms of actions.

*Bash*, 601 A.2d at 829.

"[I]t is possible that a breach of contract also gives rise to an actionable tort[.] To be construed as in tort, however, the wrong ascribed to [the] defendant must be the gist of the action, the contract being collateral." *Id.* (quoting *Closed Circuit Corp. of Am. v. Jerrold Elecs. Corp.*, 426 F. Supp. 361, 364 (E.D. Pa. 1977)). A tort claim should not be allowed when "the parties' obligations are defined by the terms of the contract, and not by the larger social policies embodied by the law of torts." *Id.* at 830. Stated another way, "[i]f the plaintiff must rely wholly on the agreement to define the rights that the defendant violated, the claim is generally a contract claim." *Greater Philadelphia Health Servs. II Corp. v. Complete Care Servs., L.P.*, No. 2387 June Term 2000, Control 081790, 2000 WL 33711052, at *1 (Ct. of C.P. of Philadelphia Cnty. Nov. 20, 2000).

"Courts have generally invoked the gist of the action doctrine to bar a tort claim where the defendant negligently or intentionally breached a contract." *Id.* at *2.

With regard to his claims for intentional misrepresentation and negligent misrepresentation, plaintiff avers that defendant's misrepresentation that he was a skilled pool builder induced plaintiff to enter into the contract. The gist of the action doctrine does not necessarily bar a fraudulent or negligent misrepresentation claim stemming from the inducement to enter into a contract. *See Sullivan v. Chartwell Inv. Partners*, 873 A.2d 710, 719 (Pa. Super. 2005). In *Sullivan*, the plaintiff sued his former employee for, *inter alia*, breach of contract, fraudulent misrepresentation, and negligent misrepresentation arising out of the termination of his employment, the terms of which were governed by compensation and severance agreements. *Id.* at 713-15. Following the filing of preliminary objections, the trial court dismissed the fraudulent and negligent misrepresentation claims based on the gist of the action doctrine. *Id.* at 713, 718. In reversing the trial court, the Superior Court held:

Herein, the compensation agreement and the severance agreement clearly govern the parties' contractual relationship; however, appellant's allegations do not relate to appellee's failure to perform its obligations under the contracts. Rather, the tort claims that appellant raised in his amended complaint relate to appellee's

fraudulent promises that induced appellant to enter the contracts. Specifically, appellant alleged that appellee fraudulently and/or negligently agreed to perform obligations that it never intended to perform in order to induce appellant to agree to the proposed changes to his compensation package and to forgo an immediate resignation. *See* amended complaint, ¶¶ 88-92, at 15 and ¶¶ 147-54, at 25-26. Accordingly, we conclude that since appellant's tort claims relate to the inducement to contract, they are collateral to the performance of the contracts and therefore, are not barred by the gist-of-the action doctrine.

*Id.* at 719. Likewise, in the case at bar, plaintiff's intentional and negligent misrepresentation claims relate to the inducement to contract, not failure to perform under the contract. Thus, the gist of the action doctrine does not bar them, and defendant's demurrers to Counts II and III of the complaint will be overruled.

In his negligence claim, plaintiff avers that defendant was negligent for "performing the work in a poor, improper, unworkmanlike manner." (Compl. ¶ 33.) There can be no doubt that these allegations relate to defendant's failure to perform its obligations under the contract. In other words, this is an allegation that defendant negligently performed under the contract, i.e. breached the contract. As such, plaintiff's negligence claim is barred by the gist of the action

doctrine, and defendant's demurrer to that claim, which is identified as Count VI in the complaint, will be sustained.

In his claim pursuant to the UTPCPL, plaintiff alleges that defendant engaged in unfair or deceptive acts or practices by making "repairs, improvements or replacements on tangible, real or personal property, of a nature or quality inferior to or below the standard of that agreed to *in writing*." 73 P.S. § 201-2(4)(xvi) (emphasis added); (*See* Compl. ¶38(a).) While a claim under Section 201-2(4)(xvi) would appear to relate wholly to defendant's performance under the contract, our Supreme Court has ruled that the UTPCPL should be interpreted in the broadest possible way to protect consumers in the marketplace. *See Commonwealth v. Monumental Props., Inc.*, 329 A.2d 812, 817 (Pa. 1974). Moreover, the statutory language of Section 201-2(4)(xvi) itself contemplates liability under the UTPCPL for construction on property that violates the terms of a written contract. 73 P.S. § 201-2(4)(xvi) ("below the standard of that agreed to in writing"). The court could not find a case in which a court found that the gist of the action doctrine bars a claim made under Section 201-2(4)(xvi) of the UTPCPL.[4] Given that the

---

4. Rather, and to the contrary, the Superior Court recently and affirmatively held that claims brought under Sections 201-2(4)(v), (vii), (ix), (xi), and (xxi) of the UTPCPL are actionable torts separate and apart from a contract, lending support to the court's conclusion that the instant claim, brought under Section 201-2(4)(xvi), is likewise a tort separate and apart from the parties' contract and is therefore not barred by the gist of the action doctrine. *See Knight v. Springfield Hyundai*, 81 A.3d 940, 951 (Pa. Super. 2013). Defendant cites to *DeFebo v. Anderson Windows*,

statutory language contemplates both a breach of contract action and a claim under the UTPCPL, given our Supreme Court's instruction to interpret the UTPCPL broadly and the Superior Court's recent pronouncement, and given that a demurrer can only be sustained in a case that is free and clear from doubt, the court declines to sustain defendant's demurrer to plaintiff's claim pursuant to the UTPCPL, which is identified as Count VII in the complaint.[5]

Finally, defendant asks the court to strike, as impertinent, plaintiff's claim for attorney's fees from Count III of the complaint, and plaintiff's claim for punitive damages in what is identified as Count VII of the complaint. Plaintiff agrees that those claims may be stricken. (*See* Pl.'s Br. at 7 n.1.)

WHEREFORE, the court enters the following:

## ORDER OF COURT

And now, this 5th day of February, 2015, "named defendant's    preliminary    objections    to    plaintiff's

---

*Inc.*, 654 F. Supp. 2d 285 (E.D. Pa. 2009) in its brief. However, in that case, the court decided the case on the economic loss doctrine, not the gist of the action doctrine. The economic loss doctrine is not applicable to plaintiff's claims under the UTPCPL. *See Knight*, 81 A.3d at 952 ("The claims at issue in this case are statutory claims brought pursuant to the UTPCPL, and do not sound in negligence. Therefore, the economic loss doctrine is inapplicable.").

5. Plaintiff also alleges that defendant violated the catch-all provision of the UTPCPL, by "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi); (*See* Compl. ¶ 38(b).) A claim under the catch-all provision is not necessarily barred by the gist of the action doctrine. *See Sarsfield v. Citimortgage, Inc.*, 707 F. Supp. 2d 546, 555-56 (M.D. Pa. 2010).

complaint" are hereby sustained, in part, and overruled, in part. It is hereby ordered that:

1. Plaintiff's claim for attorney's fees is stricken from Count I of plaintiff's complaint;

2. Plaintiff's claim for attorney's fees is stricken from Count III of plaintiff's complaint;

3. Plaintiff's negligence claim, which is contained in what is identified in plaintiff's complaint as Count VI, is hereby dismissed; and

4. Plaintiff's claim for punitive damages is stricken from what is identified in plaintiff's complaint as Count VII.

Defendant shall file an answer to plaintiff's complaint within twenty (20) days.