IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                          :
                                         : No. 2221 C.D. 2014
                     Petitioner          : Submitted: May 29, 2015
                                         :
            v.                           :
                                         :
Pennsylvania Department                  :
of State,                                :
                                         :
                     Respondent          :


BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
          HONORABLE MARY HANNAH LEAVITT, Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION BY SENIOR JUDGE FRIEDMAN          FILED:  September 2, 2015


          Alton D. Brown petitions for review, *pro se*, of the November 7, 2014,
final determination of the Office of Open Records (OOR), which dismissed Brown's
appeal from the Pennsylvania Department of State's (Department) open records
officer's (Records Officer) decision to deny Brown's request for information under
the Right-to-Know Law (RTKL).[1]  We affirm.


          Brown filed complaints against two medical professionals licensed by
the State Board of Medicine and the State Board of Osteopathic Medicine.  On
September 25, 2014, the Records Officer received Brown's letter requesting:

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

The Department['s] letters to the licensee[s] that disclose the final outcome [of] the investigations of my complaints with the [State Board of Medicine and the State Board of Osteopathic Medicine], complaint Nos: 13-53-12408 and 13-49-12410. I note that this information is allowed pursuant to [40 P.S.] §1303.907(a).[2]

(Brown's Req., 9/25/14, at 1.) In a letter dated September 30, 2014, the Records Officer denied Brown's request on the ground that the letters were exempt from disclosure pursuant to section 708(b)(17) of the RTKL, 65 P.S. §67.708(b)(17),[3] because they were agency records related to noncriminal investigations.

---

[2] Section 907(a) of the Medical Care Availability and Reduction of Error (MCARE) Act, Act of March 20, 2002, P.L. 154, *as amended*.

[3] Section 708(b)(17) of the RTKL exempts in relevant part:

A record of an agency relating to a noncriminal investigation, including:

(i) Complaints submitted to an agency.

(ii) Investigative materials, notes, correspondence and reports.
. . .
(vi) A record that, if disclosed, would do any of the following:

(A) Reveal the institution, progress or *result of an agency investigation*, except the imposition of a fine or civil penalty, the suspension, modification or revocation of a license, permit, registration, certification or similar authorization issued by an agency or an executed settlement agreement unless the agreement is determined to be confidential by a court.
. . .

65 P.S. §67.708(b)(17) (emphasis added). "This court defined an 'investigation' in the context of section 708 of the RTKL as 'a systematic or searching inquiry, a detailed examination, or an official probe.'" *Department of Public Welfare v. Chawaga*, 91 A.3d 257, 258-59 (Pa. Cmwlth. 2014) (citation omitted).

On October 17, 2014, Brown appealed the Records Officer's denial to the OOR, and the OOR invited Brown and the Department to supplement the record. The Department submitted a response to Brown's appeal and two sworn affidavits from Bernadette Paul, the deputy chief counsel of the Department's prosecution division. In both affidavits, Paul stated that "[t]he Department's Bureau of Enforcement and Investigation (BEI) conducts investigations on behalf of the Department's Bureau of Professional and Occupational Affairs (BPOA) and its 29 professional licensing boards," including the State Board of Osteopathic Medicine and the State Board of Medicine. (Paul Aff., 10/20/14, at 1.)[4] Paul further stated that the BEI had investigated a complaint against an osteopathic physician and a complaint against a medical doctor and that:

> [T]he assigned prosecuting attorney ultimately closed this matter without filing any formal disciplinary charges. No fine or civil penalty, suspension, modification or revocation of a license was imposed. Providing access to the records from this investigation would disclose the institution, progress or result of the investigation by, among other things, showing what avenues of investigation were pursued or not.

(*Id.*)

On November 7, 2014, the OOR issued a final determination denying Brown's appeal. The OOR determined that the Department had proven that the

---

[4] Both affidavits are dated October 20, 2014, and contain identical language. The affidavits vary to the extent that one addresses the Department's investigation of a State Board of Medicine licensee and the other addresses the Department's investigation of a State Board of Osteopathic Medicine licensee.

letters Brown requested were exempt under section 708(b)(17)(vi)(A) of the RTKL, 65 P.S. §67.708(b)(17)(vi)(A).[5] The OOR also determined that section 907(a) of the MCARE Act, which exempts letters to a licensee that disclose the final outcome of an investigation from the MCARE Act's confidentiality provision, did not preclude the records' exemption under the RTKL. Brown now petitions this court for review.[6]

First, Brown argues that the Department did not meet its burden of proving that the letters that Brown requested were exempt under section 708(b)(17)(vi)(A) of the RTKL as agency records related to a noncriminal investigation. Specifically, Brown argues that the Department's affidavits do not constitute sufficient evidence because they are conclusory. We disagree.

Commonwealth agencies "shall provide public records in accordance with [the RTKL]." Section 301(a) of the RTKL, 65 P.S. §67.301(a). Section 102 of the RTKL defines a "record" as "[i]nformation . . . that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." 65 P.S. §67.102. A "public record" is defined as:

---

[5] The Department's response to Brown's appeal asserted that the letters that Brown requested were also exempt under section 708(b)(17)(i) and (ii) of the RTKL, 65 P.S. §67.708(b)(17)(i) and (ii). (Dep't Resp. at 4.) However, the OOR only addressed the exemption at section 708(b)(17)(vi)(A) of the RTKL.

[6] Our standard of review under the RTKL is *de novo*, and we may adopt the agency's findings or substitute them with our own. *Bowling v. Office of Open Records*, 75 A.3d 453, 474 (Pa. 2013). Our scope of review under the RTKL is plenary, and we may expand the record through additional hearings or remand. *Id.* at 476.

A record . . . of a Commonwealth or local agency that: (1) is not exempt under section 708; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege.

*Id.*

An agency bears the burden of proving, by a preponderance of the evidence, that a record is exempt from disclosure under one of the enumerated exceptions. Section 708(a)(1) of the RTKL, 65 P.S. §67.708(a)(1). "Testimonial affidavits found to be relevant and credible may provide sufficient evidence in support of a claimed exemption." *Heavens v. Pennsylvania Department of Environmental Protection*, 65 A.3d 1069, 1073 (Pa. Cmwlth. 2013). "'The affidavits must be detailed, nonconclusory, and submitted in good faith.'" *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1103 (Pa. Cmwlth. 2013) (*en banc*) (citation omitted).

Here, Brown requested letters disclosing the results of the Department's noncriminal investigations of two licensees. These records are, by the very terms of Brown's request, exempt from disclosure under section 708(b)(17)(vi)(A) of the RTKL, which exempts records that would reveal the results of an agency's noncriminal investigation. Furthermore, Paul stated in the affidavits that the prosecuting attorney closed the investigations without imposing civil penalties or license restrictions on the licensees. The affidavits also explain *how* the requested records are exempt under section 708(b)(17)(vi)(A) of the RTKL, rather than merely presuppose the exemption in a conclusory statement. Therefore, the Department met

its burden of proving that the requested letters were exempt from disclosure under section 708(b)(17)(vi)(A) of the RTKL.[7]

Next, Brown argues that the Department failed to offer evidence that public policy supported denying his request. Section 506(c) of the RTKL provides:

> An agency *may* exercise its discretion to make any *otherwise exempt* record accessible . . . if all of the following apply:
>
>> (1) Disclosure of the record is not prohibited under any of the following:
>>
>>> (i) Federal or State law or regulation.
>>>
>>> (ii) Judicial order or decree.
>>
>> (2) The record is not protected by a privilege.
>>
>> (3) The agency head determines that the public interest favoring access outweighs any individual, agency or public interest that may favor restriction of access.

65 P.S. §67.506(c) (emphases added). "Although [s]ection 506(c) [of the RTKL] grants an agency the *discretion* to release an otherwise exempt record under certain circumstances, it does not *require* an agency to do so." *Department of Health v.*

---

[7] Brown also argues that the OOR erred in concluding that the letters were exempt from disclosure because the letters were a routine function of the Department. However, because Brown failed to raise this issue before the OOR, it is waived. *See Fort Cherry School District v. Coppola*, 37 A.3d 1259, 1261-62 (Pa. Cmwlth. 2012) (holding that the requester waived an issue by failing to raise it before the OOR).

6

*Office of Open Records*, 4 A.3d 803, 815 (Pa. Cmwlth. 2010). Brown notes that in *Department of Health,* this court considered "strong public policy considerations" in addressing the scope of section 708(b)(17) of the RTKL. *Id.* at 811. However, we have not held that agencies must provide evidence of public policy considerations when denying access to a record that is exempt under state or federal law. Here, the letters that Brown requested were exempt from disclosure under section 708(b)(17) of the RTKL, and the Department denied Brown's request on that basis. Therefore, the Department was not required to offer evidence that public policy favored denying Brown's request.

Finally, Brown argues that the exception in section 708(b)(17)(vi)(A) of the RTKL does not apply to the letters he requested because such letters are subject to disclosure under section 907(a) of the MCARE Act.[8] We disagree.

"The RTKL distinguishes between the public nature of records and access to records." *Department of Labor and Industry v. Heltzel*, 90 A.3d 823, 831 (Pa. Cmwlth. 2014) (*en banc*). Section 306 of the RTKL provides that "[n]othing in this act shall supersede or modify the public or nonpublic nature of a record or

---

[8] Section 907(a) of the MCARE Act provides:

> All documents, materials or information utilized solely for an investigation undertaken by the State Board of Medicine or State Board of Osteopathic Medicine or concerning a complaint filed with the State Board of Medicine or State Board of Osteopathic Medicine shall be confidential and privileged. . . . This subsection shall not apply to letters to a licensee that disclose the final outcome of an investigation or to final adjudications or orders issued by the licensure board.

40 P.S. §1303.907(a).

document established in Federal or State law." 65 P.S. §67.306. In *Heltzel*, 90 A.3d at 831-32, this court held that:

> [T]he "nature" of a document implicates the innate or intrinsic characteristics of a record, its essence, without regard to surrounding circumstances.
>
> Once "established" by [another] statute as "public," a record is no longer subjected to the traditional public record analysis under the RTKL. Given this significant consequence, a statute should be clear when it establishes the public nature of records.

Section 3101.1 of the RTKL provides that a provision of the RTKL "regarding access to records" will not apply where it conflicts with state or federal law. 65 P.S. §67.3101.1. Section 701(a) of the RTKL states that "[*u*]*nless otherwise provided by law*, a public record . . . *shall be accessible* . . . in accordance with [the RTKL]." 65 P.S. §67.701(a) (emphases added).

Here, section 907(a) of the MCARE Act states that materials used solely in State Board of Medicine or State Board of Osteopathic Medicine investigations are "confidential and privileged." 40 P.S. §1303.907(a). It also provides that this general rule "shall not apply to letters to a licensee that disclose the final outcome of an investigation." *Id.* Because records that are not privileged are explicitly included in the definition of "public records" in section 102 of the RTKL, section 907(a) of the MCARE Act establishes the public nature of the requested letters. However, the MCARE Act does not state a means by which the public may *access* the requested

8

letters. As we noted in *Heltzel*, the public nature of a record is distinct from public access to that record. The RTKL's access provisions, including its exceptions to access, apply in the absence of a conflicting MCARE Act provision. Therefore, the access exception in section 708(b)(17)(vi)(A) of the RTKL is applicable here.[9]

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[9] Recently, we addressed the distinction between public nature and public access in *McCord v. Pennsylvanians for Union Reform*, 100 A.3d 755 (Pa. Cmwlth. 2014). There, in ruling on preliminary objections, we noted that a provision of The Administrative Code of 1929 "appeared" to establish the public nature of a record exempted by section 708(b) of the RTKL. *Id.* at 762. However, we stated that because the provision "does not address public access to the [record], it **may** be found not to conflict with the RTKL's access provisions and, therefore, the RTKL's access provisions, including its statutory exemptions, **could** apply." *Id.*

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alton D. Brown,                         :
                                        : No. 2221 C.D. 2014
                    Petitioner          :
                                        :
            v.                          :
                                        :
Pennsylvania Department                 :
of State,                               :
                                        :
                    Respondent          :


                    O R D E R


        AND NOW, this 2nd day of September, 2015, we hereby affirm the

November 7, 2014, final determination of the Office of Open Records.



                                    _____
                                    ROCHELLE S. FRIEDMAN, Senior Judge