**DEPARTMENT OF PUBLIC WELFARE, Petitioner**

v.

**Stephen CHAWAGA, Esquire, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 2014.

Decided March 13, 2014.

Publication Ordered May 19, 2014.

Jonathan L. Curtis, Assistant Counsel, Harrisburg, for petitioner.

Stephen P. Chawaga, Philadelphia, for respondent.

BEFORE: McGINLEY, Judge, COVEY, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Department of Public Welfare (DPW) appeals from the August 5, 2013, final determination of the Office of Open Records (OOR), which granted in part and denied in part the request of Stephen Chawaga, Esquire, for a DPW performance

**258**

audit report pursuant to the Right–to–Know Law (RTKL).[1] We affirm.

On April 26, 2013, Chawaga filed a request seeking, *inter alia,* DPW's final performance audit report of the National Comprehensive Center for Fathers (NCCF).[2] On June 3, 2013, DPW denied the request pursuant to section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17), which exempts records relating to a noncriminal investigation, and section 708(b)(10)(i)(A) of the RTKL, 65 P.S. § 67.708(b)(10)(i)(A), which exempts records relating to internal predecisional deliberations.

On June 20, 2013, Chawaga appealed to the OOR. On August 5, 2013, the OOR granted in part and denied in part Chawaga's appeal, finding that neither exemption applied to the performance audit report.[3] The OOR ordered DPW to provide the performance audit report to Chawaga within 30 days. DPW now appeals to this court.[4]

Under section 301(a) of the RTKL, Commonwealth agencies are required to "provide public records" to requestors. 65 P.S § 67.301(a). Because the performance

audit report was "created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency," it is a "record" under the RTKL. *See* Section 102 of the RTKL, 65 P.S. § 67.102. However, DPW does not have to provide the performance audit report if it is exempted. "The burden of proving that a record of a Commonwealth agency ... is exempt from public access shall be on the Commonwealth agency ... receiving a request by a preponderance of the evidence." Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1).

■ First, DPW argues that the performance audit report is exempted under the noncriminal investigation exemption at section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17).[5] We disagree.

In *Department of Health v. Office of Open Records,* 4 A.3d 803, 804 (Pa. Cmwlth.2010), this court examined a request to obtain documents, including notes, witness statements, and other materials relating to DPW's inspections of a nursing home. This court defined an "investigation" in the context of section 708 of the

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

2. The purpose of the performance audit was to analyze NCCF's compliance with two DPW contracts. (R.R. at 33a.)

3. The OOR determined that additional documents, including the correspondence, letters, memoranda and notifications between various entities concerning the performance audit report were exempted under section 708(b)(17) of the RTKL, 65 P.S. § 67.708(b)(17).

4. In appeals from an OOR determination under the RTKL, our standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records,* —— Pa. ——, ——, 75 A.3d 453, 477 (2013).

5. Section 708(b)(17) of the RTKL exempts:

(17) A record of an agency relating to a noncriminal investigation, including:
(i) Complaints submitted to an agency.
(ii) Investigative materials, notes, correspondence and reports
(iv) A record that includes information made confidential by law.
(v) Work papers underlying an audit.
(vi) A record that, if disclosed, would do any of the following:
(A) Reveal the institution, progress or result of an agency investigation, except the imposition of a fine or civil penalty, the suspension, modification or revocation of a license, permit, registration, certification or similar authorization issued by an agency or an executed settlement agreement unless the agreement is determined to be confidential by a court.
65 P.S. § 67.708(b)(17).

RTKL as "a systematic or searching inquiry, a detailed examination, or an official probe." *Id.* at 811. Because the inspections involved "visiting and inspecting the building, grounds, equipment and supplies of a nursing home; reviewing records of the nursing home and patients; and observing and interviewing patients and staff of the nursing home," this court found that the inspections amounted to a systematic inquiry, and, thus, an investigation. *Id.* This court also stated that "strong public policy considerations support interpreting [s]ection 708(b)(17) of the RTKL as being applicable to the particular [i]nspections and [s]urveys conducted by the [DPW] in this case." *Id.* Thus, we determined that the noncriminal investigation exemption applied. *Id.* at 811–14.

Here, DPW's performance audit report was not part of a "systematic or searching inquiry" or a "detailed examination." Unlike the comprehensive, repeated, on-site inspections of nursing homes conducted in *Department of Health,* DPW did not make regular and repeated visits to NCCF locations. Rather, DPW conducted a one-time inquiry into NCCF's finances by interviewing management; reviewing the general ledger, payroll records, invoices, and client case files; inventorying the manufacturing equipment; and examining various other supporting documents. (*See* R.R. at 38a.)

Further, the performance audit report is not an "official probe." An official probe only applies to "noncriminal investigations conducted by an agency acting within its legislatively granted fact-finding and investigative powers." *Johnson v. Pennsyl-*

*vania Convention Center Authority,* 49 A.3d 920, 925 (Pa.Cmwlth.2012). Here, DPW's performance audit was not part of the DPW's legislatively granted fact-finding or investigative powers; rather, the audit was ancillary to DPW's public assistance services. A contrary interpretation of an "official probe" would craft a gaping exemption, under which any governmental information-gathering could be shielded from disclosure.

Additionally, the public policy considerations favoring exemption in *Department of Health* do not exist here. On the contrary, maintaining the transparency of such a performance audit report serves the public interest by discouraging financial abuses by businesses under governmental contracts. The "Generally Accepted Government Auditing Standards" (GAGAS) promulgated by the United States Comptroller General evidence this public policy consideration.[6]

More importantly, the RTKL specifically exempts the work papers underlying an audit without exempting the actual audit. *See* Section 708(b)(17)(v) of the RTKL, 65 P.S. § 67.708(b)(17)(v). By including the work papers within the exemption, but not the resulting audit, we can presume that the General Assembly did not intend to exempt the actual performance audit report under principles of statutory construction. *See Governor's Office of Administration v. Purcell,* 35 A.3d 811, 816 (Pa.Cmwlth.2011) ("[S]pecific inclusion of some items of the same class is presumed to exclude all other items of the same

---

6. Under GAGAS, performance audits:
   are defined as audits that provide findings or conclusions based on an evaluation of sufficient, appropriate evidence against criteria. Performance audits provide objective analysis to assist management and those charged with governance and oversight in using the information to improve

program performance and operations, reduce costs, facilitate decision making by parties with responsibility to oversee or initiate corrective action, and *contribute to public accountability.*

U.S. Government Accountability Office, Government Auditing Standards (December 2011 Revision) § 2.10 (emphasis added).

class."). Accordingly, the noncriminal investigation exemption does not apply to DPW's performance audit report.

■ DPW also argues that the performance audit report is exempted under the RTKL internal predecisional deliberations exemption at 65 P.S. § 67.708(b)(10)(i)(A).[7] We disagree.

In *Carey v. Department of Corrections,* 61 A.3d 367, 370 (Pa.Cmwlth.2013), this court analyzed the predecisional deliberations exemption in the context of a request for records relating to a mass inmate transfer to Michigan. This court noted that in order to qualify for the exemption, DPW must show that: "(1) the information is internal to the agency; (2) the information is deliberative in character; and, (3) the information is prior to a related decision." *Id.* at 379.

Here, DPW has neither offered the particular decision to which the performance audit report is predecisional nor explained how the information withheld reflects a deliberative process. Further, the information contained in the performance audit report is not exclusively "internal" to the agency; rather, it is an audit of the compliance of NCCF, a non-profit entity, with DPW contracts. Accordingly, the predecisional deliberations exemption does not apply.

Accordingly, we affirm.

### ORDER

AND NOW, this *13th* day of *March,* 2014, we hereby affirm the August 5, 2013,

---

7. Section 708(b)(10)(i)(A) of the RTKL exempts:

(10)(i) A record that reflects:

(A) The internal, predecisional deliberations of an agency, its members, employees or officials or predecisional deliberations between agency members, employees or officials and members, employees or officials of another agency,

---

final determination of the Office of Open Records.

---

including predecisional deliberations relating to a budget recommendation, legislative proposal, legislative amendment, contemplated or proposed policy or course of action or any research, memos or other documents used in the predecisional deliberations.

65 P.S. § 67.708(b)(10)(i)(A).