IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelsey Black,                              :
                      Petitioner           :
                                           :
          v.                               :    No. 676 C.D. 2016
                                           :    SUBMITTED:  September 16, 2016
Pennsylvania State Police,                 :
                      Respondent           :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
JUDGE HEARTHWAY                    FILED:  November 23, 2016

          Kelsey Black (Requester) petitions for review of the Final
Determination of the Office of Open Records (OOR) denying access to six
complaints made by the public to the Pennsylvania State Police (PSP) concerning
ex-State Trooper Michael Trotta (Trotta).  We affirm.


          Requester submitted a request pursuant to the Right to Know Law
(RTKL)[1] seeking "[a]ll complaints (written or recorded) made by the public to the
Pennsylvania State Police regarding ex-State Trooper Michael Trotta" (Request).

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

(R.R. at 2a.)[2] PSP denied the Request pursuant to RTKL section 708(b)(7)(viii) (concerning information regarding discipline, demotion or discharge contained in a personnel file).[3] (R.R. at 4a.) Requester timely appealed to the OOR.

In response to Requester's appeal, PSP submitted: a letter from its counsel (Letter); a verification, made under the threat of penalty relating to unsworn falsification, by PSP's Open Records Officer William A. Rozier (Rozier), (Verification); and a portion of PSP Administrative Regulation (AR) 4-25. (R.R. at 11a-18a.) In the Verification, Rozier stated that PSP identified six instances where complaints were made by the public to PSP concerning Trotta (Complaints), but the Complaints were exempt from disclosure. (R.R. at 13a.) Specifically, in addition to claiming the Complaints were exempt under RTKL section 708(b)(7)(viii), PSP now also claimed the Complaints were exempt pursuant to section 708(b)(17) of the RTKL (concerning a record of an agency relating to a noncriminal investigation). (R.R. at 13a.)

Based on the documentation submitted,[4] the OOR determined that PSP did not meet its burden to establish that the Complaints were exempt under

[2] We note that Requester numbered the pages in the Reproduced Record with a capital A followed by an Arabic number and did not number the pages in the manner required by Pa.R.A.P. 2173. We will cite to the page numbers of the Reproduced Record in the proper format.

[3] PSP's denial actually listed this request along with two others not at issue here and gave three grounds for denial without specifying whether the grounds applied respectively. This appears to be the applicable ground for the denial. In any event, this ground is not at issue here and, therefore, is not relevant.

[4] The OOR did not hold a hearing. PSP's Letter is akin to a position statement. Thus, while it is part of the record, it is not part of the evidentiary record. *See Office of Governor v. Davis*, 122 A.3d 1185 (Pa. Cmwlth. 2015).

2

section 708(b)(7) because PSP did not provide any evidence that the Complaints resulted in discipline or were related to discipline imposed on Trotta. (Final Determination at 6.) However, the OOR determined that the Complaints were exempt from disclosure under section 708(b)(17) of the RTKL, which exempts from disclosure "[a] record of an agency relating to a noncriminal investigation, including: (i)[c]omplaints submitted to an agency…." (Final Determination at 6-7.) Requester now petitions this Court for review of the OOR's Final Determination.[5]

Under the RTKL, records in the possession of an agency are presumed to be public; however, that presumption does not apply if the record is exempt under section 708 of the RTKL.[6] "Exemptions from disclosure must be narrowly construed due to the RTKL's remedial nature …." *Office of Governor v. Scolforo*, 65 A.3d 1095, 1100 (Pa. Cmwlth. 2013). "An agency bears the burden of proving, by a preponderance of the evidence, that a record is exempt from disclosure under one of the enumerated exceptions." *Brown v. Pennsylvania Department of State*, 123 A.3d 801, 804 (Pa. Cmwlth. 2015). "A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to a more likely than not

---

[5] In reviewing a final determination of the OOR involving a Commonwealth agency, this Court's standard of review is *de novo* and our scope of review is broad or plenary. *Bowling v. Office of Open Records*, 75 A.3d 453 (Pa. 2013). This Court independently reviews the OOR's orders and may substitute its own findings of fact for those of the agency. *Office of the Governor v. Scolforo*, 65 A.3d 1095, 1099 n.6 (Pa. Cmwlth. 2013). As we are not limited to the rationale offered in the OOR's decision, we enter narrative findings and conclusions based on the evidence, and we explain our rationale. *Id*.

[6] Section 305 of the RTKL, 65 P.S. § 67.305.

3

inquiry." *Delaware County v. Schaefer ex rel. Philadelphia Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012).

Section 708 exempts from public access "[a] record of an agency relating to a noncriminal investigation, including … (i) [c]omplaints submitted to an agency."[7]  In construing the noncriminal investigation exemption in the context of section 708 of the RTKL, this Court has defined "investigation" as a "systematic or searching inquiry, a detailed examination, or an official probe." *Department of Health v. Office of Open Records*, 4 A.3d 803, 811 (Pa. Cmwlth. 2010).  "An official probe only applies to noncriminal investigations conducted by an agency acting within its legislatively granted fact-finding and investigative powers." *Department of Public Welfare v. Chawaga*, 91 A.3d 257, 259 (Pa. Cmwlth. 2014).  Additionally, when submitting affidavits to establish that a record is exempt, this Court has stated that the "affidavits must be detailed, nonconclusory and submitted in good faith.… Absent evidence of bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned." *Scolforo*, 65 A.3d at 1103 (citation omitted).

Requester argues that PSP did not sustain its burden of proof in showing that an official probe was conducted with regard to each of the six Complaints.

---

[7] Section 708(b)(17)(i) of the RTKL, 65 P.S. § 67.708(b)(17)(i).

This Court takes notice of section 711 of the Administrative Code of 1929,[8] which sets forth the duties and powers of the Commissioner of the PSP and provides, in relevant part:

> The Commissioner of Pennsylvania State Police shall be the head and executive officer of the Pennsylvania State Police. He shall provide, for the members of the State Police Force, … and make rules and regulations, subject to the approval of the Governor, prescribing qualifications prerequisite to or retention of, membership in the force; for the enlistment, training, discipline, and conduct of the members of the force; for the selection and promotion of such members on the basis of merit; for the filing and hearing of charges against such members, and such other rules and regulations as are deemed necessary for the control and regulation of the State Police Force.

71 P.S. § 251(a).

> Further, the Administrative Regulation provided by PSP states:
>
> 25.01 AUTHORITY
> The Bureau of Integrity and Professional Standards (BIPS) is authorized to process all complaints or allegations of misconduct by personnel and to recommend to the Commissioner policies and procedures to initiate, conduct, and/or control all necessary investigations. When conducting Internal Affairs (IA) investigations, members of BIPS are vested with the line authority of the Commissioner.

---

[8] Section 711 of the Administrative Code of 1929, Act of April 9, 1929, P.L. 177, art. VII, sec. 711, *as amended*, 71 P.S. § 251(a). "The court will take judicial notice of public statutes." *V.S. v. Department of Public Welfare*, 131 A.3d 523, 535 n. 17 (Pa. Cmwlth. 2015) (quotation marks and citation omitted).

25.02 PURPOSE
The purpose of this regulation is to establish a prompt, fair, thorough, factual and impartial means to investigate complaints, allegations and use-of-force incidents involving personnel.

A.R. 4-25.01, 4-25.02


Finally, Rozier's Verification states in relevant part:

In regard to… [the Complaints], I identified six instances where complaints were made by the public to PSP regarding Michael Trotta. However, the complaints are exempt from disclosure pursuant to Section 708(b)(7)(viii) and (b)(17) of the RTKL. Each of the six complaints was investigated by PSP Internal Affairs Division which is the department entity that investigates complaints, allegations, and use of force incidents involving PSP personnel pursuant to PSP Administrative Regulation 4-25 (AR 4-25.02). Thus, the responsive records are exempt from public disclosure as they are records:

- 'relating to a noncriminal investigation' 65 P.S. §67.708(b)(17);
- that contain, '[c]omplaints submitted to an agency' *Id.* §67.708(b)(17)(i).


(R.R. at 17a, Verification ¶11.)

Requester challenges the OOR's reliance on a prior case[9] that determined that PSP conducts official probes, and thus noncriminal investigations, pursuant to the Administrative Regulation to establish that an investigation was, in fact, conducted here. Requester also argues that PSP's Verification was not sufficiently detailed because it does not reveal the extent of the alleged investigation or how the alleged investigation took place. (Petitioner's Brief at 4.)

We decline Requester's invitation to require that the specific steps of the investigation be outlined and to delve into those specific steps under the circumstances here. This case is unlike other cases involving the investigation exemption where there was a greater level of detail concerning the investigative process. In those cases, we were presented with the specific steps taken by the agency and asked to determine whether those steps constituted an investigation.[10]

Here, however, we are presented with the Verification along with the Administrative Regulation and asked to determine whether this is sufficient to establish that an investigation was conducted.[11] The Verification states that each of

---

[9] *Black v. Pennsylvania State Police*, OOR Dkt. AP 2015-0027, 2015 WL 658542 (Pa. Off. Open Rec. Feb. 9, 2015).

[10] For example, in *Department of Health*, we were presented with the process involved in the Department of Health's inspections and surveys conducted on a nursing home and asked to determine whether that constituted an investigation. *See also Chawaga* (concerning the Department of Welfare's audit and inspections of a contractor's finances and stating that such was not an investigation).

[11] We agree the Administrative Regulation *by itself* does not necessarily establish that the PSP conducts investigations *anytime* it receives a complaint. Similarly, we acknowledge the Verification *by itself* does not reveal the *extent* of the investigation. However, we will not view the Verification and Administrative Regulation in isolation from each other, as Requester apparently does.

the Complaints "was investigated by PSP Internal Affairs Division which is the department entity that investigates complaints, allegations, and use of force incidents involving PSP personnel pursuant to PSP Administrative Regulation 4-25 (AR 4-25.02)." (R.R. at 17a, Verification, ¶11.) The Administrative Regulation states that it "establish[es] a prompt, fair, thorough, factual and impartial means to investigate complaints … involving personnel." (A.R. 25-02.) Thus, we are presented with an internal regulation providing for a thorough investigative process, along with a Verification, made under the threat of criminal penalty, stating that each of the Complaints was, in fact, investigated pursuant to that process. We deem this to be sufficient and in the absence of evidence of bad faith, do not require more.[12] Additionally, we rely on the Administrative Code of 1929 and the Administrative Regulation to conclude that the investigations were conducted as part of the agency's official duties.[13] All of this taken together is sufficient to establish, by a preponderance of the evidence, that an investigation was conducted for each of the Complaints.[14]

---

[12] *See Scolforo*, 65 A.3d at 1103 (citation omitted) (stating absent bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned).

[13] *Compare Department of Health* (concluding that inspections that were conducted pursuant to the agency's duties under federal and state statutes were part of the agency's official duties) with *Johnson v. Pennsylvania Convention Center Authority*, 49 A.3d 920 (Pa. Cmwlth. 2012) (concluding that where an agency "investigated" a dispute in the context of its status as a party to an agreement with its labor unions and pursuant to the procedures outlined in that agreement, the "investigation" was not conducted pursuant to the agency's legislatively granted fact-finding and investigative powers).

[14] This case also is unlike *Scolforo*, where we determined that the agency's affidavit, standing alone, was too conclusory and not sufficiently detailed to prove the requested calendar entries were exempt under section 708(b)(10) of the RTKL, 65 P.S. § 67.708(b)(10) (concerning internal predecisional deliberations). We stated the affidavit had to contain enough details to allow the OOR and this Court to determine how the calendar entries were reflective of internal deliberations. However, here, as stated, we have the Verification and the Administrative Regulation, which provides for a thorough investigative process. These *taken together*
**(Footnote continued on next page…)**

8

By its very terms, section 708(b)(17)(i) exempts "complaints" related to noncriminal investigations. 65 P.S. § 67.708(b)(17)(i). Thus, this language expressly encompasses the documents Requester seeks, exempting them from disclosure.[15] *See Coulter v. Department of Public Welfare*, 65 A.3d 1085 (Pa. Cmwlth. 2013) (stating that whether requested documents are covered by section 708(b)(17) of the RTKL can be determined by comparing the request itself with the language of section 708(b)(17)).

Requester, however, argues that she did not seek information relating to any non-criminal investigations but simply wants the Complaints. She states there is a gap in time between when the complaint is made and when the investigation was commenced; therefore, the complaints are not protected because they were made prior to any investigation taking place and do not relate to a specific investigation. We are not persuaded by Requester's semantics. Where complaints are related to a noncriminal investigation, those "complaints are exempt from disclosure whether they caused the investigation to commence in whole or in part or not at all."[16] *Stein v. Plymouth Township,* 994 A.2d 1179, 1182 n. 8 (Pa. Cmwlth. 2010).

---

**(continued…)**
sufficiently establish, by a preponderance of evidence, that an investigation was conducted for each of the Complaints.

[15] "The General Assembly has placed importance on protecting the confidentiality of witnesses or individuals coming forth with information in Section 708(b)(17) by specifically exempting '[c]omplaints ….'" *Department of Health v. Office of Open Records*, 4 A.3d 803, 811 (Pa. Cmwlth. 2010).

[16] We agree with Requester, however, that complaints are not automatically exempt, as the OOR seemed to state citing *Stein v. Plymouth Township*, 994 A.2d 1179, 1182 n. 8 (Pa. Cmwlth. **(Footnote continued on next page…)**

Based on the foregoing, we conclude the Complaints are exempt from disclosure under section 708(b)(17)(i) of the RTKL.  Accordingly, we affirm the OOR's Final Determination.

_____
JULIA K. HEARTHWAY, Judge

_____

**(continued…)**
2010).  In *Stein*, the Requester was arguing that the agency's investigation was *initiated* upon the agency's internal evaluation of the information it received and not on the name of the complainant which the requester sought from the complaint.  In response, this Court stated that the argument was without merit because "all complaints are exempt from disclosure whether they *caused* the investigation to commence in whole or in part or not at all."  *Id.* (emphasis added).  However, to establish the applicability of any of the enumerated exemptions, under Section 708(b)(17), the agency must demonstrate that the records sought relate to a noncriminal investigation. *See Lackawanna County Government Study Commission v. Scranton Times*, (Pa. Cmwlth., No. 1938 C.D. 2014, filed November 20, 2015) 2015 WL 7357925.  While this Court's unreported memorandum opinions may not be cited as binding precedent, they may be cited for persuasive value.  210 Pa. Code § 69.414.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kelsey Black,                                    :
                            Petitioner           :
                                                 :
            v.                                   :    No. 676 C.D. 2016
                                                 :
Pennsylvania State Police,                       :
                            Respondent           :

# **O R D E R**

AND NOW, this 23rd day of November, 2016, the Final Determination of the Office of Open Records is hereby affirmed.

_____
JULIA K. HEARTHWAY, Judge