Heather Taylor,                          :
                    Petitioner           :
                                         :
        v.                               :
                                         :
Pennsylvania State Police,               :       No. 623 C.D. 2019
                    Respondent           :       Argued:  December 10, 2019


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED:  January 10, 2020


        Heather Taylor (Requester) petitions this Court for review of the Pennsylvania Office of Open Records' (OOR) April 26, 2019 final determination (Final Determination) denying her appeal.  Requester presents two issues for this Court's review: (1) whether the Pennsylvania State Police (PSP) met its burden of proving that PSP General Offense Report No. PA 2018-1034857 (General Offense Report) is exempt from disclosure under Section 708(b)(17) of the Right-to-Know Law (RTKL),[1] as a record relating to a noncriminal investigation; or (2) alternatively, whether the requested records are subject to disclosure pursuant to Section 708(b)(18) of the RTKL[2] and could have been redacted.  After review, we affirm.

        On February 13, 2019, Requester filed a request with PSP pursuant to

_____

    [1] Act of February 14, 2008, P.L. 6, 65 P.S. § 67.708(b)(17).

    [2] 65 P.S. § 67.708(b)(18).

the RTKL seeking:

> Records of an incident involving [Requester] on [September 7, 2018] at [address omitted] regarding PSP['s] response to the location for [a] fake 911 call. At around 5:00 a[.]m[.] on [September 7, 2018], two calls were placed by PSP to [Requester's] phone number [phone number omitted] prior to PSP's use of bull horns demanding [Requester] come out of the home with her hands up [(Request)].

Reproduced Record (R.R.) at 1a.

On March 22, 2019,[3] PSP denied the Request, stating that the only responsive record, the General Offense Report, was exempt from public disclosure under Section 708(b)(17) of the RTKL, as a record relating to a noncriminal investigation, and under Section 708(b)(6)(i)(A) of the RTKL, 65 P.S. § 67.708(b)(6)(i)(A), because it contains personal identification information.[4] *See* R.R. at 4a-6a. PSP attached the March 22, 2019 verification of Deputy Agency Open Records Officer Lissa M. Ferguson (Ferguson) in support of its response.[5] *See* R.R. at 7a-8a.

On April 1, 2019, Requester appealed pro se to the OOR challenging PSP's denial. *See* R.R. at 9a-14a. By April 4, 2019 notice (April 4, 2019 Notice), the OOR invited the parties to submit information or legal argument to support their positions by April 15, 2019. *See* Certified Record Item 2 at 1. PSP submitted the April 15, 2019 verification of PSP Open Records Officer William A. Rozier

---

[3] PSP invoked a 30-day response extension under Section 902(b)(2) of the RTKL, 65 P.S. § 67.902(b)(2).

[4] Section 708(b)(6)(i)(A) of the RTKL specifies that personal identification information includes: "A record containing all or part of a person's [s]ocial [s]ecurity number, driver's license number, personal financial information, home, cellular or personal telephone numbers, personal e-mail addresses, employee number or other confidential personal identification number." 65 P.S. § 67.708(b)(6)(i)(A).

[5] Ferguson's verification was made subject to the penalty of perjury as follows: "I understand that false statements made in this verification are subject to penalties of [Section 4904 of the Crimes Code,] 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities." R.R. at 8a.

(Rozier).[6]  *See* R.R. at 13a-14a.  On April 26, 2019, the OOR issued its Final Determination denying Requester's appeal and holding that PSP met its burden of proving that the General Offense Report was exempt from disclosure as a noncriminal investigative record.  *See* R.R. at 15a-21a.  Requester, by and through her counsel, appealed to this Court.[7]  *See* R.R. at 22a-28a.

> Preliminarily,
>
> under the RTKL, all records in the possession of an agency are presumed 'public' unless they are: (1) exempted by Section 708 of the RTKL; (2) protected by privilege; or (3) exempted 'under any other [f]ederal or [s]tate law or regulation or judicial order or decree.'  Section 305 of the RTKL, 65 P.S. § 67.305; *Office of Governor v. Scolforo*, 65 A.3d 1095, 1100 (Pa. Cmwlth. 2013) [(*en banc*)].  The agency bears the burden of proving that a record is exempt from public access.  Section 708(a)(1) of the RTKL, 65 P.S. § 67.708(a)(1).
>
> [This Court has] also held that exemptions from disclosure must be narrowly construed due to the remedial nature of the RTKL, which is designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions.  *Scolforo*, 65 A.3d at 1100.

*Pa. State Police v. McGill*, 83 A.3d 476, 479 (Pa. Cmwlth. 2014).  According to Section 102 of the RTKL, "[i]f a record is exempt under Section 708(b) [of the RTKL], it is not a public record subject to disclosure under the RTKL.  67 P.S. §

---

[6] Rozier's verification represented: "I . . . hereby verify that the facts set forth in this document are true and correct.  I also understand that false statements made herein are subject to the penalties of [Section 4904 of the Crimes Code], 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities."  R.R. at 14a.

[7] "This Court's standard of review of a final determination of the OOR is *de novo* and our scope of review is plenary."  *Hunsicker v. Pa. State Police*, 93 A.3d 911, 913 n.7 (Pa. Cmwlth. 2014).

67.102[.]" *Dep't of Labor & Indus. v. Simpson*, 151 A.3d 678, 682 (Pa. Cmwlth. 2016).

In relevant part, Section 708(b)(17) of the RTKL specifically exempts from disclosure:

> A record of an agency relating to a noncriminal investigation, including:
>
> . . . .
>
> (ii) Investigative materials, notes, correspondence and reports.
>
> . . . .
>
> (vi) A record that, if disclosed, would do any of the following:
>
> > (A) Reveal the institution, progress or result of an agency investigation[.]

65 P.S. § 67.708(b)(17).

> In construing the noncriminal investigation exemption, this Court noted that the RTKL does not define 'investigation,' and [] conclude[d] that[,] as used in [S]ection 708(b)(17) [of the RTKL], the term 'investigation' means 'a systematic or searching inquiry, a detailed examination, or an official probe.' *Dep[']t of Health* [*v. Office of Open Records*], 4 A.3d [803,] 810-11 [(Pa. Cmwlth. 2010)].

*Coulter v. Dep't of Pub. Welfare*, 65 A.3d 1085, 1088 (Pa. Cmwlth. 2013). To conduct an "official probe," the agency must be "acting within its legislatively granted fact-finding and investigative powers. *Johnson v. P[a.] Convention C[tr.] Auth*[.], 49 A.3d 920, 925 (Pa. Cmwlth. 2012)." *Dep't of Pub. Welfare v. Chawaga*, 91 A.3d 257, 259 (Pa. Cmwlth. 2014).

Section 708(a)(1) of the RTKL provides: "The burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a

4

preponderance of the evidence."[8] 65 P.S. § 67.708(a)(1). This Court has consistently held:

> 'Testimonial affidavits found to be relevant and credible may provide sufficient evidence in support of a claimed exemption.' *Heavens v. Dep*[*'t*] *of Env*[*tl.*] *Prot*[.], 65 A.3d 1069, 1073 (Pa. Cmwlth. 2013).
>
> > Affidavits are the means through which a governmental agency . . . justifies nondisclosure of the requested documents under each exemption upon which it relied upon.[9] The affidavits must be detailed, nonconclusory, and submitted in good faith. . . . Absent evidence of bad faith, the veracity of an agency's submissions explaining reasons for nondisclosure should not be questioned.
>
> [*Scolforo*], 65 A.3d [at] 1103 . . . (citation omitted).

*McGowan v. Pa. Dep't of Envtl. Prot.*, 103 A.3d 374, 381 (Pa. Cmwlth. 2014); *see also Sherry v. Radnor Twp. Sch. Dist.*, 20 A.3d 515 (Pa. Cmwlth. 2011).

In her Petition for Review, Requester generally argued that the OOR erred by concluding PSP met its burden of proving that the General Offense Report was exempt as a noncriminal investigative report under Section 708(b)(17)(ii) and (vi)(A) of the RTKL. In her brief to this Court, Requester more specifically contends that Ferguson's and Rozier's verifications were conclusory and submitted in bad faith and, thus, were insufficient to prove PSP's case by a preponderance of the evidence. *See* Requester Br. at 7-8.

The OOR's April 4, 2019 Notice represented: "Statements of fact must be supported by an affidavit or attestation made under penalty of perjury by a person with actual knowledge. Any factual statements or allegations submitted without an

---

[8] "A preponderance of the evidence standard, the lowest evidentiary standard, is tantamount to a more likely than not inquiry." *Del. Cty. v. Schaefer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012).

[9] An affidavit may also substantiate the non-existence of records. *Moore v. Office of Open Records*, 992 A.2d 907 (Pa. Cmwlth. 2010).

5

affidavit will not be considered. . . . An affidavit or attestation is required to show that records do not exist." OOR April 4, 2019 Notice at 1 (emphasis omitted).

In support of its position that the General Offense Report was exempt as a noncriminal investigative report, PSP presented Ferguson's verification, made under penalty of perjury, which stated, in pertinent part:

> 2. Utilizing the information provided, I searched all Departmental databases, to which I have access, for evidence of any PSP records that may respond. In response to [the R]equest, my searches revealed the responsive record designated [the] 'General Offense Report' (formerly referred to as 'PSP Assignment Report').

> 3. I personally examined [the General Offense Report] and determined it was created to document the results of actions taken by, and observations of, Trooper [Jacob Burgess (Trooper Burgess)], throughout the course of his non[]criminal investigation. Furthermore, [the General Offense Report]:

> a. contains 'personal identification information;'

> b. entirely relates to a non[]criminal PSP investigation;

> c. contains a non[]criminal complaint submitted to the PSP;

> d. contains investigative reports reflecting the findings, actions, conclusions, observations, and notes of Trooper Burgess;

> e. clearly, based on its content, is a PSP record that, if disclosed, would reveal the institution, progress, and result of a non[]criminal investigation; and

> f. is not a chronological compilation of original records of entry.

> 4. Therefore, I determined [the General Offense Report] is not a 'public record', and not subject to access by a [R]equest[e]r under the RTKL.

6

5. Accordingly, I have withheld this record from public disclosure.

R.R. at 7a-8a.

PSP also offered Rozier's verification, attested subject to penalty of perjury, in which he similarly declared, in relevant part:

8. The RTK Office identified and retrieved the following PSP responsive record: [the General Offense Report].

9. I personally examined [the General Offense Report] and found that the report is related to a non[]criminal investigation. The report was compiled as the result of [Trooper Burgess'] investigation into a 911 hang[-]up call. Through his investigation[,] he determined that no one was in need of emergency services.

10. Accordingly, [the General Offense Report] and its components constitute a record 'relating to or resulting in a non[]criminal investigation['] and is therefore exempt from disclosure pursuant to Section 708(b)(17) of the RTKL.

11. Additionally:

- The [General Offense R]eport reflects the findings and conclusions, as well as the actions, observations and notes of the investigating trooper. As such, these records are '[i]nvestigative materials, notes, correspondence and reports,' which are exempt from public disclosure under RTKL [S]ection []708(b)(17)(ii).

- In its entirety, the report is '[a] record that, if disclosed, would . . . [r]eveal the institution, progress or result of an agency investigation,' and, therefore, exempt from public disclosure under RTKL [S]ection []708(b)(17)(vi)(A).

12. Therefore, I withheld [the General Offense Report] from public disclosure.

R.R. at 14a.

7

The OOR's reliance on the above verifications is entirely proper. First, "[o]ur Supreme Court presumes agencies 'will act in good faith in discharging their statutory duties under the RTKL.'" *Butler v. Dauphin Cty. Dist. Attorney's Office*, 163 A.3d 1139, 1146 (Pa. Cmwlth. 2017) (quoting *Office of the Governor v. Donahue*, 98 A.3d 1223, 1226 (Pa. 2014)). Second, Section 1102(a)(2) of the RTKL specifies: "The [OOR] appeals officer may admit into evidence testimony, evidence and documents[, including unsworn verifications made under penalty of perjury,] that the appeals officer believes to be reasonably probative and relevant to an issue in dispute." 65 P.S. § 67.1102(a)(2); *see also Moore v. Office of Open Records*, 992 A.2d 907 (Pa. Cmwlth. 2010). Finally, "[i]n the absence of any competent evidence that the agency acted in bad faith or that the agency records exist, 'the averments in [the agency's verifications] should be accepted as true.' *McGowan* . . . , 103 A.3d [at] 382-83 . . . ." *Smith Butz, LLC v. Pa. Dep't of Envtl. Prot.*, 142 A.3d 941, 945 (Pa. Cmwlth. 2016).

> In the instant matter, the OOR concluded:
>
> The OOR has previously held that a PSP Assignment Report, now known as the PSP General Offense Report, is a record of a noncriminal investigation. *See Kline v. Pa. State Police*, OOR Dkt. AP 201[7]-0068 . . . ; *Trego v. Pa State Police*, OOR Dkt. AP 2018-1913 . . . .
>
> On appeal, the Requester argues that the investigation could not have been noncriminal in nature, 'because making a false 911 call, giving false alarms to agencies of public safety and/or making false reports to [a] law enforcement agency is a criminal offense' and '[i]t is clear that the events that took place at my home [] were violations of multiple P[ennsylvania] [s]tate and [f]ederal criminal laws.' However, [] Requester did not submit any evidence to dispute the attestations provided by [] PSP. *See Hous. Auth. of the City of Pittsburgh v. Van Osdol*, 40 A.3d 209, 216 (Pa. [Cmwlth.] 2012) (unsworn statements [in appeal briefs] may not be offered to rebut evidence).[FN1]

8

Based upon the evidence provided, [] PSP has proven that the responsive General Offense Report describes and documents [] PSP's noncriminal investigation. Therefore, [] PSP has met its burden of proving that the General Offense Report is exempt from disclosure as a noncriminal investigative record. *See* 65 P.S. § 67.708(a)(1).

> [FN1] The OOR notes that, even if correct, [] Requester's argument would not necessarily transform the [General Offense Report] into a public record. A record related to a criminal investigation, except for police blotter material, is not subject to disclosure under the RTKL. 65 P.S. § 67.708(b)(16); *see also Fisher v. Pa. State Police*, OOR Dkt. AP 2019-0464 . . . (finding a PSP General Offense Report to be exempt from disclosure under Section 708(b)(16) of the RTKL).

R.R. at 20a.[10]

Despite having the opportunity to supplement the record before the OOR, Requester chose not to do so.[11] Thus, Requester presented no evidence that would lead the OOR or this Court to question the veracity of Ferguson's or Rozier's verifications, or to find PSP acted in bad faith in declaring that the General Offense

---

[10] "OOR decisions have no precedential value in this Court[.]" *Pa. State Police v. Grove*, 119 A.3d 1102, 1109 n.4 (Pa. Cmwlth. 2015), *aff'd in part*, *rev'd in part*, 161 A.3d 877 (Pa. 2017).

[11] On appeal, Requester asks this Court to reverse the OOR's Final Determination and "[a]llow [her] to present additional evidence on the issues stated [in her Petition for Review] for this Court's de novo review[.]" Petition for Review at 6. However, "it is not incumbent upon [the] OOR to request additional evidence when developing the record. Rather, it is the parties' burden to submit sufficient evidence to establish material facts." *Highmark Inc. v. Voltz*, 163 A.3d 485, 491 (Pa. Cmwlth. 2017). This Court

> discern[s] no cause to consider additional evidence here. Critically, [Requester] offers no explanation for not submitting the evidence . . . to supplement the record when [she] had the chance to do so before [the] OOR. Therefore, we decline to review the additional evidence as factfinder, or to remand to [the] OOR to open the record to accept this evidence.

*Id.* Because Requester declined her opportunity to present additional evidence to the OOR, and she does not now seek to present newly discovered evidence, Requester is precluded from presenting additional evidence to support her position.

9

Report was exempt as a record of a noncriminal investigation under the RTKL.[12] Accordingly, this Court has no basis on which to question the veracity of PSP's representations or to find they were made in bad faith. *See McGowan*; *Scolforo*.

Moreover, based upon this Court's review of the record, it is clear that Ferguson's and Rozier's unchallenged verifications made under penalty of perjury together contained more than just conclusory statements summarizing Section 708(b)(17)(ii) and (vi)(A) of the RTKL. Rather, those documents detailed that PSP responded to a 911 hang-up call made from Requester's home on September 7, 2018, and that Trooper Burgess, in his official PSP capacity, conducted "a systematic or searching inquiry, a detailed examination or an official probe" (i.e., an investigation), *Coulter*, 65 A.3d at 1088 (quoting *Dep't of Health*, 4 A.3d at 811), and concluded that no one was in need of emergency services.[13]

Because PSP's verifications were sufficiently detailed, and Requester did not offer any basis upon which the OOR or this Court could question their veracity or find that PSP issued them in bad faith, the OOR properly concluded that PSP met its burden of proving that the General Offense Report was exempt as a noncriminal investigative report under Section 708(b)(17)(ii) and (vi)(A) of the RTKL.

In the alternative, Requester argues that she is entitled to redacted copies of the General Offense Report pursuant to Section 708(b)(18)(i) of the RTKL, since it

---

[12] Although Requester stated in her appeal to the OOR, "I am suspicious that [PSP] either did not investigate my case at all and/or [PSP] is involved in a conspiracy to cover up this crime. Why is [Ferguson] protecting [PSP] and not releasing the records that I am legally entitled [sic]?" Requester presented no evidence to the OOR to support her suspicions. R.R. at 10a.

[13] The record does not support Requester's claims that the September 7, 2018 911 call was a swatting incident that may subject someone to criminal penalties. Swatting is a harassment tactic whereby a person makes a false emergency service call in an effort to have large numbers of armed police officers (i.e., a Special Weapons and Tactics (SWAT) unit) respond to another person's address.

"necessarily includes time response logs relating to the 911 call at issue." Requester Br. at 14.

> Section 708(b)(18) of the RTKL exempts from disclosure:
>
> (i) Records or parts of records, except time response logs, pertaining to audio recordings, telephone or radio transmissions received by emergency dispatch personnel, including 911 recordings.
>
> (ii) This paragraph shall not apply to a 911 recording, or a transcript of a 911 recording, if the agency or a court determines that the public interest in disclosure outweighs the interest in nondisclosure.

65 P.S. § 67.708(b)(18). Section 708(b)(18)(i) of the RTKL specifies that law enforcement time response logs must be disclosed without exception. *See Pa. State Police v. Muller*, 124 A.3d 761 (Pa. Cmwlth. 2015). In addition, 911 recordings/transcripts are subject to public access under Section 708(b)(18)(ii) of the RTKL, but *only if* an agency or court has determined that the public interest in their disclosure outweighs their nondisclosure, which has not occurred in this instance.

However, Requester did not previously raise her entitlement to the General Offense Report as a time response log under Section 708(b)(18)(i) of the RTKL in her appeal to the OOR, as required by Section 1101(a)(1) of the RTKL. *See* R.R. at 9a-10a. Accordingly, the first time Requester raised the claim that she was entitled to the General Offense Report as a time response log under Section 708(b)(18)(i) of the RTKL was in her brief to this Court.

Section 1101(a)(1) of the RTKL mandates that an "appeal [to the OOR] shall state the grounds upon which the requester asserts that the record is a public record . . . and shall address any grounds stated by the agency for delaying or denying the request." 65 P.S. § 67.1101(a)(1). "A requester waives arguments that are not raised in her [RTKL] Section 1101 appeal." *Crocco v. Pa. Dep't of Health*, 214 A.3d 316, 321 (Pa. Cmwlth. 2019). Here, in her appeal to the OOR, Requester argued

solely that, since swatting is a crime, PSP's claim that the General Offense Report was a record of a *noncriminal* investigation was not valid. *See* R.R. at 9a-10a. Because Requester failed to raise her claim to the OOR that the General Offense Report is or contains a time response log to which she is entitled under Section 708(b)(18)(i) of the RTKL, it was waived.

However, even if the issue was not waived, Ferguson verified that the General Offense Report was *the only responsive record* PSP had regarding the September 7, 2018 incident. In addition, Requester presented no evidence that the General Offense Report "necessarily includes time response logs[,]" Requester Br. at 14, or other evidence that would lead the OOR or this Court to question the veracity of Ferguson's verification or to find that PSP, in bad faith, failed to redact the General Offense Report to produce only a time response log related to the September 7, 2018 incident.[14] Accordingly, notwithstanding the waiver, Requester's alternative argument would fail.

Based upon the foregoing, the OOR's Final Determination is affirmed.


_____
ANNE E. COVEY, Judge

---

[14] Although not record evidence, PSP's counsel represented during oral argument before this Court that, since the subject calls were made to the county's 911 call center, which dispatched PSP, PSP does not have time response logs for the September 7, 2018 incident.

12

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Heather Taylor,                          :
            Petitioner            :
                           :
          v.                             :
                           :
Pennsylvania State Police,        :       No. 623 C.D. 2019
            Respondent           :

## O R D E R

AND NOW, this 10th day of January, 2020, the Pennsylvania Office of Open Records' April 26, 2019 Final Determination is affirmed.

_____
ANNE E. COVEY, Judge