# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Public Utility       :
Commission,                            :
                Petitioner      :
                                  :
      v.                          :    No.  980 C.D. 2019
                                  :
Eric Friedman,                    :
                Respondent   :

Energy Transfer,              :
                Petitioner      :
                                  :
      v.                          :    No. 982 C.D. 2019
                                  :    Argued:  September 17, 2020
Eric Friedman,                    :
                Respondent   :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE J. ANDREW CROMPTON, Judge
                  HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CROMPTON                  FILED:  October 21, 2020

          Energy Transfer and the Pennsylvania Public Utility Commission (PUC) (Petitioners) petition for review of the Final Determination of the Office of Open Records (OOR) granting in part Eric Friedman's (Requester) appeal of the PUC's denial of Requester's Right-to-Know Law (RTKL)[1] request.  Petitioners argue that OOR erred in releasing records beyond the scope of the request. Specifically, Petitioners assert that OOR erred in deciding that the records requested

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

are not confidential security information under the Public Utility Confidential Security Information Disclosure Protection Act (CSI Act).[2] Further, in Petitioners' view, OOR erred in relying upon Section 335(d) of the Public Utility Code[3] as it does not apply. Upon review,[4,5] we reverse the decision of OOR.

## I.      Background

On January 31, 2019, Requester attended a public meeting in East Goshen Township, Chester County, with PUC representatives. Reproduced Record (R.R.) at 6a. At the meeting, Requester asked questions related to the blast radius for Energy Transfer's (Sunoco Pipeline L.P.) Mariner Highly Volatile Liquids (HVL) pipelines to which Paul Metro, a PUC representative, responded that the PUC had its own estimate of "buffer zone" or "blast radius" within Hazard Assessment Reports associated with accidents on HVL pipelines. *Id.* The subject of one of these reports, the Mariner East 1 ("ME1") Pipeline, runs through Requester's neighborhood. Requester's Br. at 3.

---

[2] Public Utility Confidential Security Information Disclosure Protection Act, Act of November 29, 2006, P.L. 1435, 35 P.S. §§ 2141.1-2141.6.

[3] Public Utility Code, 66 Pa. C.S. §335(d).

[4] The present case before this Court encompasses consolidated petitions for review filed by the PUC and Energy Transfer from OOR's Order granting in part and denying in part access to the information contained in Requester's RTKL request.

[5] This Court exercises a *de novo* standard of review and a plenary scope of review of Office of Open Records (OOR) determinations. *Bowling v. Office of Open Records*, 75 A.3d 453, 472 (Pa. 2013). A *de novo* standard of review permits the court to determine the case anew, including matters pertaining to testimony and other evidence. *Id.* at 466 n.14 (citing *Commonwealth v. Emerick*, 96 A.2d 370, 373-74 (Pa. 1953)). This Court may consider facts and legal arguments not brought before OOR when deciding petitions for review of OOR decisions. *Bowling*, 75 A.3d at 475-77.

Requester filed a RTKL request with the PUC on February 4, 2019, requesting all records in the PUC's possession that relate to blast radius calculations for Energy Transfer's (Sunoco Pipeline L.P.) Mariner HVL pipelines. R.R. at 6a. Requester requested:

> all records . . . that relate to the calculation or estimation of the range at which thermal or overpressure events related to accidents on hazardous . . . HVL pipelines may be experienced. This request does not seek information provided by Sunoco if that information has been designated as confidential security information. Rather, it seeks records containing or related to calculations or estimates of blast radius (Sunoco's term) or "buffer zone" (PUC's term) regarding accidents or releases from HVL pipelines in the possession of the PUC, including (but not limited to) information that was produced for PUC by an external source or that was developed internally.

*Id.* On March 11, 2019, the PUC denied Requester's RTKL request in its entirety. *Id*. at 7a. The PUC determined that "[t]he documents responsive to [Requester's] request have been designated as confidential security information (CSI) . . . ." *Id.* at 100a. "Additionally, the documents are part of a noncriminal investigation and therefore are exempt from disclosure under the RTKL." *Id*.

Requester appealed the PUC's decision to OOR on April 1, 2019. *Id*. at 4a. On June 26, 2019, an OOR Appeals Officer granted in part and denied in part Requester's appeal. *Id.* at 142a. OOR found that the PUC did not prove that the records requested by Requester are CSI, but that the PUC did demonstrate that certain records are exempt under Section 708(b)(3) of the RTKL, 65 P.S.

3

§67.708(b)(3),[6] and that some records relate to a noncriminal investigation.[7] *Id.* at 147a-56a. As a result, OOR directed the PUC to release to Requester the PUC's

_____

[6] The infrastructure security exemption reads: "The following are exempt from access by a requester under this act: . . . (b)(3) A record, the disclosure of which creates a reasonable likelihood of endangering the safety or the physical security of a building, public utility, resource, infrastructure, facility or information storage system. . . ." Section 708(b)(3) of the RTKL, 65 P.S. §67.708(b)(3).

[7] The noncriminal investigation exemption provision, Section 708(b)(17) of the RTKL, 65 P.S. §67.708(b)(17), reads:

> The following are exempt from access by a requester under this act:
>
> . . .
>
> A record of an agency relating to a noncriminal investigation, including:
>
>> (i) Complaints submitted to an agency.
>>
>> (ii) Investigative materials, notes, correspondence and reports.
>>
>> (iii) A record that includes the identity of a confidential source, including individuals subject to the act of December 12, 1986 (P.L. 1559, No. 169), known as the Whistleblower Law [, Act of December 12, 1986, P.L. 1559, as amended, 43 P.S. §§ 1421-1428].
>>
>> (iv) A record that includes information made confidential by law.
>>
>> (v) Work papers underlying an audit.
>>
>> (vi) A record that, if disclosed, would do any of the following:
>>
>>> (A) Reveal the institution, progress or result of an agency investigation, except the imposition of a fine or civil penalty, the suspension, modification or revocation of a license, permit, registration, certification or similar authorization issued by an agency or an executed settlement agreement unless the agreement is determined to be confidential by a court.
>>>
>>> (B) Deprive a person of the right to an impartial adjudication.
>>>
>>> (C) Constitute an unwarranted invasion of privacy.
>>>
>>> (D) Hinder an agency's ability to secure an administrative or civil sanction.
>>>
>>> (E) Endanger the life or physical safety of an individual.

4

Bureau of Investigation & Enforcement's (Bureau of I&E) investigative report relating to Energy Transfer's ME1 HVL pipeline, excluding blast radius calculations.  *Id.* at 160a.

## II.    Discussion

Petitioners argue that OOR erred in requiring the PUC to release hazard assessment records related to the Sunoco pipelines.  Specifically, Petitioners assert that OOR erred in finding that the requested records were not protected from disclosure under the CSI Act.  Additionally, while OOR found that the records were exempt from disclosure under the RTKL's infrastructure security protection exemption and the noncriminal investigation exemption, Petitioners argue that OOR inappropriately directed disclosure of the records pursuant to Section 335(d) of the Public Utility Code.[8]

---

[8] Section 335(d) of the Public Utility Code reads:

> In addition to any other requirements imposed by law, including the act of June 21, 1957 (P.L. 390, No. 212), referred to as the Right-to-Know Law, and the act of July 3, 1986 (P.L. 388, No. 84), known as the Sunshine Act, whenever the commission conducts an investigation of an act or practice of a public utility and makes a decision, enters into a settlement with a public utility or takes any other official action, as defined in the Sunshine Act, with respect to its investigation, it shall make part of the public record and release publicly any documents relied upon by the commission in reaching its determination, whether prepared by consultants or commission employees, other than documents protected by legal privilege; provided, however, that if a document contains trade secrets or proprietary information and it has been determined by the commission that harm to the person claiming the privilege would be substantial or if a document required to be released under this section contains identifying information which would operate to the prejudice or impairment of a person's reputation or personal security, or information that would lead to the disclosure of a confidential source or subject a person to potential economic

**(Footnote continued on next page…)**

## A. OOR's Interpretation of the CSI Act

Section 3101.1 of the RTKL states "if the provisions of this act regarding access to public records conflict with any other Federal or State law, the provisions of this act shall not apply." Section 3101.1 of the RTKL, 65 P.S. §67.3101.1. Petitioners argue that OOR erred in finding that the CSI Act was not applicable to the Requester's request and that OOR has no authority to determine whether a record is properly designated as CSI. Requester contends that OOR may properly conclude whether a record is CSI material pursuant to Sections 3(c)(4)[9] and 5[10] of the CSI Act, 35 P.S. §§2141.3(c)(4), 2141.5.

retaliation as a result of their cooperation with a commission investigation, or information which, if disclosed to the public, could be used for criminal or terroristic purposes, the identifying information may be expurgated from the copy of the document made part of the public record. For the purposes of this section, "a document" means a report, memorandum or other document prepared for or used by the commission in the course of its investigation whether prepared by an adviser, consultant or other person who is not an employee of the commission or by an employee of the commission.

66 Pa. C.S. §335(d).

[9] Section 3(c)(4) of the CSI Act states:
Agency review of the public utility's designation or request to examine records containing confidential security information shall be based on consistency with the definition of confidential security information contained in this act or when there are reasonable grounds to believe disclosure may result in a safety risk, including the risk of harm to any person, or mass destruction.

35 P.S. §2141.3(c)(4).

[10] Section 5 of the CSI Act states:
**(Footnote continued on next page…)**

6

Petitioners argue that OOR lacks the authority to make the determination that the records requested by Requester do not qualify as CSI under the CSI Act. Petitioner asserts that it is the exclusive authority of the PUC to make such a determination. In support of its position, Petitioners cite to Section 3(c) of the CSI Act:

> Challenges to a public utility's designation or request to examine records containing confidential security information by a member of the public shall be made in writing to the agency in which the record or portions thereof were originally submitted. The agency shall develop protocols and procedures to address challenges to the designations or requests to examine records containing confidential security information.

35 P.S. § 2141.3(c).

Subsection 3(c)(6) of the CSI Act, 35 P.S. § 2141.3(c)(6), states:

(a) **General Rule.** An agency shall not release, publish or otherwise disclose a public utility record or portion thereof which contains confidential security information, in accordance with the provisions of this act.

(b) **Exception.** Notwithstanding subsection (a), an agency may, after notification and consultation with the public utility, disclose a public utility record or portion thereof which contains confidential security information, in accordance with the provisions of this act, that is necessary for construction, renovation or remodeling work on any public building or project. Release or disclosure of such records or portions thereof for these purposes does not constitute prohibited disclosure under subsection (a) and does not result in such records or portions thereof becoming public records subject to the provisions of the act of June 21, 1957 (P.L. 390, No. 212), referred to as the Right-to-Know Law.

35 P.S. §2141.5.

7

> Following written notification by the agency of its decision on confidentiality, the public utility and member of the public shall be given 30 days to file an appeal in Commonwealth Court where the court may review the records containing confidential security information in camera to determine if they are protected from disclosure under this act.

Petitioners argue accordingly that any challenge to a designation that a record is CSI under the CSI Act must be made before the agency which originally received the record. In the present case, consideration of Requester's challenge, in Petitioners' view, appropriately rests with the PUC and, if necessitated by further appeal, this Court. Requester also acknowledges the relevance of this provision, yet asserts that the RTKL still allows OOR to review the PUC's decision because the CSI Act does not conflict with the RTKL. *See Brown v. Pa. Dep't of State*, 123 A.3d 801, 806 (Pa. Cmwlth. 2015).

"Conflicts as to public access, as opposed to public nature, are governed by Section 3101.1 of the RTKL. Specifically, Section 3101.1 of the RTKL provides '[i]f the provisions of [the RTKL] regarding access to records conflict with any other federal or state law, the provisions of this act [RTKL] shall not apply.'" *Dep't of Labor & Indus. v. Heltzel*, 90 A.3d 823, 832 (Pa. Cmwlth. 2014) (en banc). In *Heltzel*, this Court found a conflict between the RTKL and the Emergency Planning and Community Right-to-Know Act (EPCRA)[11] in a dispute over records relating to hazardous chemicals. This Court held that the "RTKL contemplates OOR's interpretation of statutes other than the RTKL when evaluating the public nature of records." *Id.* at 828.

---

[11] Emergency Planning and Community Right-To-Know Act of 1986, 42 U.S.C. §§11021-11050.

8

Petitioners argue that OOR may review assertions by agencies as part of OOR's enforcement of the RTKL, but must defer to an agency's decisions regarding CSI since challenges to CSI designations must be heard before the agency holding the records. *See* 35 P.S. § 2141.3(c). OOR may direct the requester to file a challenge of the CSI designation with the agency holding the records. In this case, the record does not indicate that Requester challenged the CSI designation directly with the PUC, instead relying on RTKL provisions and appealing the PUC's denial with OOR.

While Petitioners also argue that OOR erred in determining that the information requested by Requester is not CSI, the primary issue before this Court is whether OOR has the authority to determine whether the requested information is CSI. This Court appreciates that the analysis by OOR regarding the public nature of records may require a consideration of additional agency-specific disclosure statutes. However, as argued by Petitioners, OOR does not administer the CSI Act and is not directed by statute to oversee the determination of whether requested information qualifies as CSI.

Under 35 P.S. § 2141.3(c), an individual requesting information from the PUC that the agency determined to be CSI must challenge this determination with the PUC. Requester did not exhaust the administrative remedies prescribed within the relevant statutory provision to challenge the PUC's classification of the requested information as CSI. While OOR may have determined that disclosure of the requested information was appropriate under the RTKL if subject to redaction, OOR is not vested with the authority to administer the CSI Act, a PUC statute. Therefore, OOR lacked the authority to determine that the requested information was not CSI.

9

**B. Disclosure of Records under Section 335(d) of the Public Utility Code**

Petitioners also argue that OOR erred in requiring disclosure of Requester's requested records under Section 335(d) of the Public Utility Code. OOR made this determination despite also finding that the requested records were exempt from disclosure under the infrastructure security and noncriminal investigation exemptions of the RTKL. Petitioners argue that even if disclosure is required under Section 335(d) of the Public Utility Code, the entirety of the information requested by Requester is subject to redaction, therefore making it impossible to comply with Requester's request for information.

As we have now determined that the information requested by Requester warrants review by the PUC under the CSI Act, this Court will not reach the issue of disclosure under Section 335(d) of the Public Utility Code. The PUC, through the CSI Act, has the authority to determine disclosure in this case. Because the PUC has classified the information requested by Requester as CSI, Requester must challenge the PUC's non-disclosure under the appropriate provision, Section 3(c) of the CSI Act. We decline to disrupt the authority of the PUC regarding CSI matters.

### III.    Conclusion

OOR erred in determining that Requester's requested information is not CSI. OOR is charged with administering the RTKL and its statutory provisions. However, as the administration of the CSI Act rests with the PUC, OOR acted outside of its authority when it determined that the requested information is not CSI

and therefore subject to disclosure under the RTKL.

We reverse the Final Determination of OOR.


                                                _____

                                                J. ANDREW CROMPTON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pennsylvania Public Utility Commission, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 980 C.D. 2019 |
| | : | |
| Eric Friedman, | : | |
| Respondent | : | |
| | | |
| Energy Transfer, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 982 C.D. 2019 |
| | : | |
| Eric Friedman, | : | |
| Respondent | : | |

# **O R D E R**

 **AND NOW**, this 21st day of October 2020, we **REVERSE** the Final Determination of the Office of Open Records.

_____
J. ANDREW CROMPTON, Judge